SAUNDERS CUTTS, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

1. It has been the general practice in the trial courts in this State, when a party charged with felony has been brought to the bar for arraignment to inquire of the accused whether he had counsel to represent him, and if upon inquiry it developed that he had no attorney and was unable to employ one, to ask the accused whether he desired one to represent him. If he was unable to employ counsel and signified his desire to be represented by one, then it has been the practice for the trial judge to appoint some attorney to represent the accused. This practice is in accord with the letter and spirit

of Section 11 of the Bill of Rights and Section 3969 of the General Statutes of 1906.

2.  It is the duty of counsel, designated by the court, to give his professional assistance to an accused person who is unable to employ counsel.

3.  Where the record does not show affirmatively that an accused person of mature age unable to employ counsel was denied the benefit of the assistance of one, it must be presumed that the trial judge did his duty and that the accused waived the benefit of counsel.

This case was decided by Division B.

Writ of Error to the Circuit Court for Santa Rosa county.

The facts in the case are stated in the opinion of the court.

*J. T. Wiggins* and *H. S. Laird,* for plaintiff in error;

*W. H. Ellis,* Attorney General, for the state.

HOCKER, J.—The plaintiff in error comes here on writ of error from the judgment of the Circuit Court of Santa Rosa county, sentencing him to the death penalty for the murder of one Richard Echels. The following assignment of errors are made here, *viz*:

1.  The court below erred in not appointing an attorney to represent the plaintiff in error, the said Sanders Cutts, when being tried for felony.

2.  The court erred in not instructing the defendant that if he would make an insolvent affidavit the state would have to summon his witnesses.

3.  The court below erred in refusing to grant a motion for a new trial.

The only assignment argued here is the first.

It has been the general practice in trial courts in this state, when a party charged with felony has been brought to the bar for arraignment to inquire of the accused whether he had counsel to represent him, and if upon inquiry it developed that he had no attorney and was unable to employ one, to ask the accused whether he desired one to represent him. If he signified his desire to be represented by counsel, then it has been the practice for the trial judge to appoint some attorney to represent the accused. This practice is in accord with the letter and spirit of Section 11 of the Bill of Rights, and Section 3969 of the General Statutes of 1906.

In Cooley's Constitutional Limitations (7th ed.) page 477, in discussing the right of an accused to counsel, it is said: "With us it is a universal principle of constitutional law that the prisoner shall be allowed a defence by counsel, and generally it will be found that the humanity of the law has provided that if the prisoner is unable to employ counsel, the court may designate some one to defend him who shall be paid by the government; but when no such provision is made, it is the duty which counsel so designated owes to his profession, to the court engaged in the trial, and to the cause of humanity and justice, not to withhold his assistance, nor spare his best exertions in the defense of one who has the double misfortune to be stricken by poverty and accused of crime. No one is at liberty to decline such an appointment, and few, it is to be hoped would be disposed to do so."

In the case of Ex parte Senior, 37 Fla. 1, 19 South. Rep. 652, this court held it to be the duty of a court to instruct a witness as to his privilege of not answering questions that would tend to incriminate him, thus protecting him in a privilege given by the 12th section of the Bill of Rights, and the reasoning of the court in

that case applies with equal force to the privileges given an accused person by the 11th section. It is unnecessary to enlarge upon the wisdom and humanity of these provisions of our fundamental law, for they are known of all who are at all conversant with the history of the administration of criminal law. But the right of an accused to be defended by counsel is one which may be waived, and the trial court has no authority to compel one who is of mature age and judgment to accept the services of an attorney. While the practice in this state has been, as indicated above, still there is no law requiring it, and it is not usual, for the record to show that this practice is observed. In the absence of anything from the record which shows the contrary, it must be presumed that the trial court did its duty. It cannot be presumed that an accused person was denied the privilege of counsel when desired by him. In the case of Barnes v. Commonwealth, 92 Va. 794, 23 S. E. Rep. 784, it is held "Every person accused of crime has a right to have counsel to aid him in his defence, but no one is compelled to employ counsel. If the record fails to show whether the accused had counsel or not, or even if it shows that he did not have counsel, it is not ground for reversal, unless it further appears that the right to have counsel was denied. It is not to be presumed that the right was denied." See. also, Cathcart v. Commonwealth, 37 Pa. St. 108; State v. Raney, 63 N. J. L. 363, 43 Atl. Rep. 677; Delk v. State, 99 Ga. 667, 26 S. E. Rep. 752.

The record in the instant case does not show affirmatively that the defendant was assisted in his defence by counsel until after the verdict of guilty had been rendered and a motion for a new trial was made. It does not show affirmatively that the trial judge advised the defendant of his privilege of being assisted by counsel, or of his privilege of having compulsory process for the

attendance of witnesses in his favor, if he had any, or that he waived these privileges. No affidavits or proofs were offered and filed stating what the actual facts were, upon the hearing of the motion for a new trial. In this condition of the record, and in view of the fact that under the statute (section 1347 General Statutes) every man has the right to manage his own cause in any of the courts of this state, we must assume that the trial judge did his duty, and that the privileges accorded the defendant by the Bill of Rights and the statutes were waived.

The judgment of the court below is affirmed.

TAYLOR and PARKHILL, JJ., concur;

SHACKLEFORD, C. J., and COCKRELL and WHITFIELD, JJ., concur in the opinion.