WILLIAM WEATHERFORD, *Plaintiff in Error,* v. THE STATE OF FLORIDA, *Defendant in Error.*

Opinion Filed August 9, 1918.

1. Where it does not appear that the assistance of counsel was desired by an accused at his trial, the mere failure of the Trial Judge to ask him if he desired counsel or was unable to employ counsel to represent him in the case, or to inform him that he had a right to be represented by counsel, or that the Court would appoint counsel to represent him if he so desired, does not show a deprivation of any right secured to the accused by law; nor does this omission alone show erroneous or harmful procedure or warrant a reversal of a judgment of conviction, when it does not appear that the defendant did not have a fair trial wherein all his substantial rights were accorded to him in due course.

2. A party on trial for a felony may waive his right to have counsel and may conduct his own defense under the Statute which provides that "any person may manage his own cause in any of the Courts of this State."

Writ of Error to Criminal Court of Record for Monroe County; W. Hunt Harris, Judge.

Judgment affirmed.

*L. A. Harris* and *J. F. Busto,* for Plaintiff in Error;

*Van C. Swearingen,* Attorney General, and *W. W. Trammell,* Assistant, for the State.

WHITFIELD, J.—This writ of error was taken to a conviction of a statutory felony.

No contention is made here except that the court erred in denying a motion for new trial. The bill of exceptions contains the following:

"Defendant on the 18th day of March, 1918, after sentence had been imposed, made a motion for a new trial on the following grounds:

"First.  Because the accused was tried and convicted of a felony without counsel to represent him in said cause, the accused being at the time of such trial and conviction unable to employ counsel to represent him.

"Second.  Because the accused when brought to the Bar for arraignment was inquired of by the court if he had counsel to represent him and upon his answering in the negative the accused was not inquired of by the court if he desired counsel to represent him therein, nor did the court inform him at the time of the said arraignment, nor at any other time that the accused had a right to be represented by counsel in said cause, and because the court did not inform the accused at the time of said arraignment nor at any other time, that if he was unable to employ counsel and would signify his desire to be rep-

resented by one, that the court would appoint some attorney to represent him.

"Third.  Because the accused at the time of said arraignment, trial and conviction, through poverty was unable to employ counsel to represent him and because the court did not make due and proper inquiry as to the ability of the accused to employ counsel, and did not inform the accused as to his legal rights therein to be represented by counsel, in accordance with the provisions of Section Eleven of the Bill of Rights of the Constitution of the State of Florida, and in accordance with the provisions of Section 3969 of the General Statutes of the State of Florida.

"The facts are that before the defendant was arraigned, the court inquired of him as to whether or not he had counsel to represent him, and the defendant answered in the negative.  The defendant was then asked if there were any witnesses that he desired to have summoned to testify in his behalf, to which the defendant answered in the affirmative and named the witnesses, whereupon the court ordered subpoenas to be issued for the witnesses named by the defendant.  The court then asked the defendant if he was ready for trial and upon the defendant answering in the affirmative, the court ordered the cause to proceed and at the trial the witnesses named by the defendant appeared and testified.

"The defendant did not signify his desire to have counsel to represent him nor did he advise the court that he desired to secure the services of an attorney to represent him, nor did he advise the court that he was unable to employ counsel by reason of his poverty.  The court did not inquire of the defendant if he desired counsel to represent him nor did the court inform him at the time nor at any other time that he had a right to be represented

by counsel, nor did the court advise the defendant at any time that if he was unable to employ counsel and would signify his desire to be represented by one, that the court would appoint some attorney to represent him, nor did the court make inquiry as to the ability of the defendant to employ counsel."

The section of the Constitution and the statute referred to are as follows:

"In all criminal prosecutions the accused shall have the right to a speedy and public trial, by an impartial jury, in the county where the crime was committed, and shall be heard by himself, or counsel, or both, to demand the nature and cause of the accusation against him, to meet the witnesses against him face to face, and have compulsory process for the attendance of witnesses in his favor, and shall be furnished with a copy of the indictment against him." Sec. 11, Declaration of Rights.

"After any person shall be indicted for felony or for a misdemeanor, or after an information shall be filed against him, if he be not already in custody, a capias shall issue for his arrest and shall be directed to all and singular the Sheriffs of the State of Florida, and when the grand jury shall have presented to the Circuit Court a bill of indictment for felony, and the accused be in custody, the court shall cause him to be arraigned and tried at the same term, unless good cause be shown for a continuance, and shall allow him counsel to assist him in his trial if he desires it." Sec. 3969, Gen. Stats., 1906, Florida Compiled Laws, 1914.

In Cutts v. State, 54 Fla. 21, 45 South. Rep. 491, this court said: "It has been the general practice in trial courts in this State, when a party charged with felony has been brought to the bar for arraignment to inquire of the accused whether he had counsel to represent him,

and if upon inquiry it developed that he had no attorney and was unable to employ one, to ask the accused whether he desired one to represent him. If he signified his desire to be represented by counsel, then it has been the practice for the trial judge to appoint some attorney to represent the accused. This practice is in accord with the letter and spirit of Section 11 of the Bill of Rights, and Section 3969 of the General Statutes of 1906. But the right of an accused to be defended by counsel is one which may be waived, and the trial court has no authority to compel one who is of mature age and judgment to accept the services of an attorney. While the practice in this State has been, as indicated above, still there is no law requiring it, and it is not usual, for the record to show that this practice is observed. In the absence of anything from the record which shows the contrary, it must be presumed that the trial court did its duty. It cannot be presumed that an accused person was denied the privilege of counsel when desired by him."

It does not appear that the assistance of counsel was "desired by" the accused; and the mere failure of the trial judge to ask the accused if he desired counsel or was unable to employ counsel to represent him in the case, or to inform him that he had a right to be represented by counsel, or that the court would appoint counsel to represent him if he so desired, does not show a deprivation of any right secured to the accused by law; nor does this omission alone show erroneous or harmful procedure. A party on trial for a felony may waive his right to have counsel and may conduct his own defense under the statute which provides that "any person may manage his own cause in any of the courts of this State." Sec. 1347, Gen. Stats., 1906, Florida Compiled Laws, 1914.

It does not appear that the accused was not competent

to "manage his cause," or that he in fact desired the assistance of counsel; nor is there anything to indicate that the accused did not have a fair trial wherein all of his substantial rights were accorded to him in due course. Cutts v. State, *supra*.

Judgment affirmed.

BROWNE, C. J., AND TAYLOR, ELLIS AND WEST, J. J., concur.