BARKDULL, Judge.
Appellant seeks review of a conviction and sentence in the Criminal Court of Record in and for Dade County, Florida, and urges as grounds for reversal of adjudication of guilt [the case having been heard by the court after the appellant waived a jury trial] that the trial court erred in proceeding with the trial on the same day as he was arraigned; that the trial court erred in proceeding to trial without informing him of his right to counsel, and that the adjudication of guilt was contrary to the evidence.
There is no rule of law governing the time which must elapse between the arraignment on an indictment or information and the beginning of the trial thereon. This has been left to the discretion of the trial court to be governed by what is fair and reasonable in each particular case. In the case sub judice, the record on appeal fails to demonstrate any abuse of discretion of the trial judge in proceeding with the trial of the cause on the same day as the arraignment. Reed v. State, 94 Fla. 32, 113 So. 630; Hysler v. State, 132 Fla. 209, 181 So. 354. Although the appellant didn’t have counsel at the time of trial, it is apparent in the record that the appellant had engaged counsel prior thereto and, in fact, had counsel present at the time of adjudication of guilt upon which the sentence was rendered, which is the subject matter of this cause. The record shows that the original adjudication of guilt was subsequently set aside. The appellant, with counsel present, was later adjudged guilty and sentenced, resulting in this appeal. Furthermore, the mere failure of the trial judge to advise the appellant of his right to counsel does not show a deprivation of any right secured to the accused by law, nor does this omission alone show harmful or erroneous procedure. Weatherford v. State, 76 Fla. 219, 79 So. 680. As to the third point, the .evidence in the record was more than sufficient to establish the guilt and conviction of the appellant for com *568 mitting the charge in the information. Sealey v. State, Fla.1950, 46 So.2d 894; Zalla v. State, Fla.1952, 61 So.2d 649.
Therefore, the judgment and sentence is hereby affirmed.
Affirmed.