448 So.2d 1184 (1984)
STATE of Florida, Appellant,
v.
David Wayne DOUSE, William Lewin Hamilton, Dennis Kenyon Macko and Michael Lewis, Appellees.
No. 83-788.
District Court of Appeal of Florida, Fourth District.
April 18, 1984.
Rehearing Denied May 16, 1984.
Jim Smith, Atty. Gen., Tallahassee, and Grace M. Gonzalez, Asst. Atty. Gen., West Palm Beach, for appellant.
Richard Ozeli, Fort Lauderdale, for appellee-Douse.
Steven Greenberg, Miami, for appellee-Hamilton.
Mark Perry, Fort Lauderdale, for appellee-Macko.
Sheldon Schwartz, Miami, for appellee-Lewis.
HURLEY, Judge.
The State appeals from an order of the trial court suppressing taped telephone conversations between David Wayne Douse and a police detective. We affirm because the statements were deliberately elicited from the defendant by surreptitious means after his right to counsel attached under Florida law.
Two days after the defendant was arrested, but before the filing of an information against him, a police officer posing as a friend of a codefendant telephoned Douse in order to obtain information relating to the arrest. This call took place one day after the defendant's first appearance, at which he was represented by retained counsel.
*1185 We recognize that the defendant had no federal constitutional right to suppress the conversation because his Sixth Amendment right to counsel had not attached at the time the statements were elicited. See United States v. Henry, 447 U.S. 264, 100 S.Ct. 2183, 65 L.Ed.2d 115 (1980); Massiah v. United States, 377 U.S. 201, 84 S.Ct. 1199, 12 L.Ed.2d 246 (1964). Under the Sixth Amendment of the federal constitution, the accused's right to counsel does not attach until "the initiation of adversary judicial criminal proceedings  whether by way of formal charge, preliminary hearing, indictment, information, or arraignment." Kirby v. Illinois, 406 U.S. 682, 689, 92 S.Ct. 1877, 1882, 32 L.Ed.2d 411 (1972); see also Brewer v. Williams, 430 U.S. 387, 97 S.Ct. 1232, 51 L.Ed.2d 424 (1977). Nonetheless, we find that in this instance state law provides greater protection than its federal counterpart and, therefore, the case at bar should be adjudicated under principles of Florida law. See generally Brennan, State Constitutions and the Protection of Individual Rights, 90 Harv. L.Rev. 489 (1977).
Article I, Section 16 of the Florida Constitution guarantees the right to assistance of counsel in all criminal prosecutions. Rule 3.130, Fla.R.Crim.P., in turn, states that the right to assistance of counsel attaches at least as early as the defendant's first appearance which should occur within twenty-four hours of arrest. Thus, in this case the incriminating statements made one day after Douse's first appearance were elicited after his right to counsel attached under Florida law.
Once the right to counsel has attached, the police may not deliberately elicit incriminating statements from a defendant through surreptitious means. See United States v. Henry, supra; Massiah v. United States, supra. Yet, this is precisely what occurred in the case at bar. On the day after the defendant appeared at first appearance with his retained lawyer, a police officer, posing as an acquaintance of a codefendant, telephoned the defendant at home and elicited incriminating statements. We therefore conclude that the police officer's conduct violated Douse's state constitutional right to assistance of counsel, and consequently affirm the suppression order.
DOWNEY, J., concurs.
WALDEN, J., dissents with opinion.
WALDEN, Judge, dissenting:
I respectfully dissent because, in my opinion, there had not been an initiation of adversary judicial proceedings at the time of the conversations in question. Thus, I do not find any violation of either the federal or state constitution.[1]
Moreover, I am unable to agree that here our state constitution provides greater protection to a defendant charged with a crime than does the federal constitution.
NOTES
[1] The sole appellate point framed by Douse was:

WHETHER THE DEFENDANT'S SIXTH AMENDMENT RIGHT TO COUNSEL ATTACHES IN STATE COURT AT A MAGISTRATE'S FIRST APPEARANCE HEARING PURSUANT TO RULE 3.130(b), Fla.R.Crim.P?
The majority opinion, as reflected, decides this question adversely to Douse by saying that Douse had no federal constitutional right to suppress under the Sixth Amendment.