458 So.2d 20 (1984)
The STATE of Florida, Appellant,
v.
Lizandro DELGADILLO, Appellee.
No. 83-2918.
District Court of Appeal of Florida, Third District.
October 9, 1984.
Rehearing Denied November 15, 1984.
*21 Jim Smith, Atty. Gen., and Calvin L. Fox, Asst. Atty. Gen., for appellant.
Kogen & Kogen and Lauren Kogen, Halpern & Shenberg and Miguel A. DeGrandy, Miami, for appellee.
Before SCHWARTZ, C.J., and DANIEL S. PEARSON and FERGUSON, JJ.
SCHWARTZ, Chief Judge.
Delgadillo and an undercover police officer, Garcia, were apprehended in the course of a narcotics transaction in which they were both involved. Maintaining his cover, Garcia submitted to the "arrest." During the trip in the police car, and later the same day in jail, the defendant made highly incriminating admissions to and in the presence of the officer. The statements were suppressed by the trial judge "based on the Fifth and Sixth Amendments of the Constitution," and the state appeals. We reverse.
The order under review is entirely unsupportable on any basis. Although the appellee invoked his Miranda rights when he was taken into custody, his admissions were not barred under the Fifth Amendment both because (a) since Delgadillo did not know that Garcia was a police officer, the statement may not be deemed to have been "compelled" or subject to any sort of governmental coercion; Hoffa v. United States, 385 U.S. 293, 303-304, 87 S.Ct. 408, 414-415, 17 L.Ed.2d 374 (1966); see United States v. Henry, 447 U.S. 264, 100 S.Ct. 2183, 65 L.Ed.2d 115 (1980); and (b) none of the statements were made in response to "interrogation" or its functional equivalent by Garcia, Rhode Island v. Innis, 446 U.S. 291, 100 S.Ct. 1682, 64 L.Ed.2d 297 (1980).[1] Just as plainly, no violation of Delgadillo's United States or Florida constitutional rights to counsel was involved because no such rights had attached when the statements were made. Kirby v. Illinois, 406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed.2d 411 (1972); Massiah v. United States, 377 U.S. 201, 84 S.Ct. 1199, 12 L.Ed.2d 246 (1964);[2]State v. Douse, 448 So.2d 1184 (Fla. 4th DCA 1984).[3] Finally, we reject the trial court's view that Fifth and Sixth Amendment rights are, as it said, "solidly intertwined," with the apparent result that a situation like this one, which involves some of the features of both, but not all of the requirements of either, may be thought to give rise to a sort of new and different hybrid or amalgamated constitutional right. *22 The Fifth and Sixth Amendments and the interests they protect are separate and subject to separate analyses. Rhode Island v. Innis, supra; Edwards v. Arizona, 451 U.S. 477, 480 n. 7, 101 S.Ct. 1880, 1883, 68 L.Ed.2d 378 (1981); United States v. Miller, 432 F. Supp. 382, 388 (E.D.N.Y. 1977), aff'd, 573 F.2d 1297 (2d Cir.1978); Kamisar, Brewer v. Williams, Massiah, and Miranda: What is "Interrogation"? When does it matter?, 67 Geo.L.J. 1, 41 (1978). So far as we know, there is no amendment no. 5 1/2 to the United States Constitution.
Reversed.
NOTES
[1] According to Garcia, who was the only witness at the motion to suppress, Delgadillo's first statement was spontaneously made after Garcia had said nothing at all. The others, respectively, followed the officer's remark that "I can't believe this is happening to me," and his admonition to Delgadillo, while they were both in the cell, that he should not answer the questions "they were probably going to ask you." It is obvious that neither of these sets of words was of the kind that "the police should have known were reasonably likely to elicit an incriminating response." Rhode Island v. Innis, 446 U.S. at 303, 100 S.Ct. at 1691.
[2] In addition, we do not believe, for much the same reason outlined in note 1, that the statements were "deliberately elicited" by Garcia as is also required to establish a Sixth Amendment violation. U.S. v. Henry, supra; Massiah v. United States, supra.
[3] Because no first appearance had occurred or was required when the statements were made, we need not decide whether we agree with the majority in Douse that the right to counsel under Article I, Section 16 of the Florida Constitution is broader than that under the Sixth Amendment and attaches at that time. No formulation of the right to counsel suggests that it arises at the time of arrest.