462 So.2d 1172 (1984)
Dennis Richard SOBCZAK, Appellant,
v.
STATE of Florida, Appellee.
Thomas Grover VAUGHN, Appellant,
v.
STATE of Florida, Appellee.
Nos. 83-1191, 83-1315.
District Court of Appeal of Florida, Fourth District.
December 28, 1984.
Rehearing and Rehearing Denied February 27, 1985.
Richard L. Jorandby, Public Defender, and Stephen W. Benedict, Asst. Public Defender, West Palm Beach, for appellants.
*1173 Dennis R. Sobczak, pro se.
Jim Smith, Atty. Gen., Tallahassee, and Sarah B. Mayer, Asst. Atty. Gen., West Palm Beach, for appellee.
Rehearing and Rehearing En Banc Denied February 27, 1985.
BARKETT, Judge.
Defendants below contend that identification testimony resulting from a lineup conducted without defense counsel should have been suppressed. We agree and reverse.
The defendants were arrested for armed robbery and afforded a first appearance before a magistrate. Subsequent thereto an order was obtained from a second judge which provided that "both defendants shall participate in lineups arranged by police authorities with reasonable notice to the attorney for each of both defendants."
Defendant Sobczak was not represented by counsel. Defendant Vaughn informed police that his attorney was a Mr. Jugo. Mr. Jugo was duly notified of the lineup.
On the day of the lineup, Jugo's office called the police department and informed them that Jugo was home ill and that, furthermore, he had not been retained by Vaughn because Vaughn could not afford private counsel. Jugo's office suggested that the police contact the public defender's office. The public defender was never contacted on behalf of either appellant and the lineups were held without counsel being present.
A person's sixth and fourteenth amendment right to counsel under the United States Constitution attaches only at or after the time that adversary judicial criminal proceedings have been initiated against him by way of a formal charge, a preliminary hearing, an indictment, an information, or an arraignment. Kirby v. Illinois, 406 U.S. 682, 689-690, 92 S.Ct. 1877, 1881-1882, 32 L.Ed.2d 411, 417 (1972). In the instant case, the execution of an order by a judge ordering the defendants to participate in a lineup must surely be viewed as an adversary judicial proceeding for purposes of sixth and fourteenth amendment rights. However, we need not reach the federal issue in the present case.
The trial judge's order specifically established the right of these defendants to counsel at the time that he required their participation in the lineup.
Furthermore, even in the absence of such an order, the defendants were entitled to counsel under Florida law. Article I, section 16, of the Florida Constitution guarantees the right to assistance of counsel in all criminal prosecutions. Rule 3.130, Florida Rules of Criminal Procedure, provides that the right to assistance of counsel attaches as early as the defendant's first appearance, which should occur within 24 hours of arrest. State v. Douse, 448 So.2d 1184 (Fla. 4th DCA 1984). Rule 3.111(a), Florida Rules of Criminal Procedure, provides that a person is entitled to appointment of counsel when he is formally charged with an offense, or as soon as feasible after custodial restraint, or upon his first appearance before a committing magistrate, whichever occurs first.
Because appellants' right to counsel had attached at the time of the lineup, and because appellants were not afforded counsel, the lineup was illegal and evidence thereof was inadmissible. Furthermore, it appears from this record that the in-court identification may have been tainted by the illegal lineup. Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967); United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967); Hearns v. State, 262 So.2d 907 (Fla. 4th DCA), cert. denied, 268 So.2d 533 (Fla. 1972).
Accordingly, the defendants' convictions are vacated and this matter is remanded for a new trial in accordance herewith.
DOWNEY and DELL, JJ., concur.