462 So.2d 604 (1985)
Betty Sue PREVATT, Appellant,
v.
Jimmy Carroll PREVATT, Appellee.
No. 84-1034.
District Court of Appeal of Florida, Second District.
January 25, 1985.
Kenneth W. Beesting of Beesting & Beesting, Arcadia, for appellant.
Anthony A. Accorsi, Avon Park, for appellee.
RYDER, Chief Judge.
The respondent wife in this dissolution proceeding appeals the final judgment awarding her $200.00 per month for thirty-six months as rehabilitative alimony. She also appeals the award of $500.00 for partial payment of her attorney's fees and costs. We hold that the court abused its discretion in determining the amount of the alimony but affirm in all other respects.
The evidence adduced at the dissolution hearing was that the wife had suffered from mental illness  schizophrenia, paranoid type  which is currently in remission. Her psychiatrist testified that she would have difficulty holding a job because she might not show up for work or would resign. He did not say, however, that the wife is totally incapable of working, but that she could possibly undertake minimal and sheltered work with a benevolent employer who would allow her to miss work on occasion. The psychiatrist's testimony strongly suggests that the wife will not be successful in finding and holding employment, but this court cannot substitute its judgment for the trial court's and reweigh the evidence considered by the finder of fact. Helman v. Seaboard Coast Line Railroad Co., 349 So.2d 1187 (Fla. 1977); Strawgate v. Turner, 339 So.2d 1112 (Fla. 1976). Although we have serious reservations about the wife's future ability to rehabilitate herself, this matter can be readdressed by the trial court upon proper motion by the wife after her experience has shown either success or failure, at or before the expiration of her rehabilitative alimony.
As to the amount of alimony awarded, we hold that the trial judge abused his discretion in awarding the wife such a paltry sum of money. The evidence shows that the husband's gross income is $906.05 biweekly. He is a supervisor at Avon Park Correctional Institution, and he is provided *605 with housing, electricity, gas and yard maintenance. The wife has no regular income, although she occasionally earns money by helping with her sister's housework. Having reviewed all of the evidence in the record as to the husband's ability to pay and the wife's financial needs, including a monthly visit to her psychiatrist costing $90.00, we conclude that there is a clear abuse of discretion in the amount of alimony awarded. We remand this case for the trial judge to hold another hearing and to award the wife no less than $400.00 per month.
Finally, we affirm the trial court's award of $500.00 to the wife for partial attorney's fees and costs. The wife presented no evidence on attorney's fees at the hearing except the cost for expert testimony by the wife's psychiatrist. The trial court received no other evidence as to services performed by the attorney or the value thereof, and, therefore, the award of $500.00 was proper. See Pearce v. Pearce, 363 So.2d 1146 (Fla. 2d DCA 1978); Nivens v. Nivens, 312 So.2d 201 (Fla. 2d DCA 1975).
Affirmed in part; reversed in part.
GRIMES and SCHOONOVER, JJ., concur.