471 So.2d 671 (1985)
Jasper ROBINSON, Appellant,
v.
STATE of Florida, Appellee.
No. 84-2161.
District Court of Appeal of Florida, Second District.
June 28, 1985.
*672 James Marion Moorman, Public Defender, and Douglas P. Chanco, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Davis G. Anderson, Jr., Asst. Atty. Gen., Tampa, for appellee.
FRANK, Judge.
The appellant appeals from the sentence imposed upon him, following the violation of his probationary status, for dealing in stolen property. We vacate the appellant's sentence and remand for resentencing.
At the hearing conducted to determine whether the appellant violated his term of probation, his attorney asked that the appellant be sentenced under the guidelines. The appellant's probation was revoked and the court sentenced him to four years incarceration.
Although the sentencing guidelines were applicable because of the appellant's election to be sentenced in that manner, the trial court did not follow the guidelines' procedure. See Fla.R.Crim.P. 3.701(d). An examination of the transcript of the hearing indicates that the trial judge did not have before him the sentencing scoresheet which would have provided a presumptive sentence. Even though the transcript indicates that a scoresheet might have been prepared, it is evident the trial judge improperly sentenced the appellant without first computing and thus having knowledge of the presumptive sentence. This court has recognized that without the benefit of first determining the presumptive sentence, a trial court is without sufficient data to decide whether to depart from the guidelines. See Myrick v. State, 461 So.2d 1359 (Fla. 2d DCA 1984); see also Doby v. State, 461 So.2d 1360 (Fla. 2d DCA 1984).
Accordingly, this case is remanded to the trial court with directions that a sentencing scoresheet be properly prepared and considered by the trial court before the imposition of a sentence.
RYDER, C.J., and OTT, J., concur.