WALDEN, Judge.
Using the standards found in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), Wilson v. Wainwright, 474 So.2d 1162 (Fla.1985), and Johnson v. Wainwright, 463 So.2d 207 (Fla.1985), we determine that Sylester Earl Smith was denied the effective assistance of counsel on appeal.
Smith was arrested and charged with robbery. From the outset of the case, Smith’s defense to the charge was misiden-tification. Trial counsel for Smith filed a motion to.suppress identification prior to trial because Smith was compelled to stand in a line-up without counsel being present. This error was particularly harmful because during that line-up the victim of the robbery had identified another as his assailant then retracted that identification and identified Smith instead. While an appellant attorney need not raise every conceivable claim, Ruffin v. Wainwright, 461 So.2d 109 (Fla.1984), appellate counsel who fails to raise a meritorious issue which is a fundamental and intrinsic part of his client’s case is ineffective. Strickland v. Washington, supra. Since the identification issue in Smith’s case was prominent and meritorious, see Sobczak v. State, 462 So.2d 1172 (Fla. 4th DCA 1984), counsel’s failure to raise the claim resulted in Smith being deprived of effective assistance of counsel. Strickland v. Washington, supra.
*32 We are of the opinion that the issue made by the denial of the pretrial motion to suppress identification was preserved for appellate review when, at trial, Smith’s counsel objected to the introduction of the photograph of the compelled line-up without Smith having benefit of counsel, which objection was overruled.
• Finally, we hold that Smith’s contention is not novel as it has long been the law in this state and federally that the right to counsel attaches at any critical stage of a prosecution.
We, therefore, grant Smith’s petition for writ of habeas corpus and grant him a new direct appeal on the merits of his conviction and sentence.
It is so ordered.
GLICKSTEIN and DELL, JJ., concur.