CAMPBELL, Acting Chief Judge.
Appellant was charged on October 25, 1984, with delivery and possession of cocaine. Subsequently, on January 23, 1985, appellant was charged with possession of cocaine. He entered a written plea of guilty to delivery of cocaine in case number 84-11180, and to possession of cocaine in case number 84-14992. The state nolle prossed the possession of cocaine count in case number 84-11180. Appellant was sentenced on February 1, 1985, at which time the trial court departed from the recommended guidelines by sentencing appellant to two five-year sentences to run concurrently.
Appellant raises several issues on appeal. One of those issues requires us to reverse.
Appellant contends that the trial court erred in sentencing him without the preparation of a guideline scoresheet. A review of the record reveals that no scoresheet was included in the record. Accordingly, based on this court’s holding in Robinson v. State, 471 So.2d 671 (Fla. 2d DCA 1985), we find it necessary to reverse and remand the instant case for resentencing. See also Myrick v. State, 461 So.2d 1359 (Fla. 2d DCA 1985).
If departure from the guidelines is again considered, these cases may be relevant: Hendrix v. State, 475 So.2d 1218 (Fla. 1985); Sabb v. State, 479 So.2d 845 (Fla. 1st DCA 1985); Booker v. State, 482 So.2d 414 (Fla. 2d DCA 1985); Dawkins v. State, 479 So.2d 818 (Fla. 2d DCA 1985); Johnson v. State, 477 So.2d 56 (Fla. 5th DCA 1985); Swain v. State, 455 So.2d 533 (Fla. 1st DCA 1984); Manning v. State, 452 So.2d 136 (Fla. 1st DCA 1984).
Reversed and remanded for resentenc-ing.
SCHOONOVER and LEHAN, JJ., cob-cur.