HURLEY, Judge.
The trial court suppressed statements and physical evidence after finding that a police officer, “knowing that the Defendant had been arrested previously for the misdemeanor and knowing the Defendant had an attorney representing him, went to the Defendant’s place of business to question the Defendant [in the absence of counsel].... ” We affirm.
Recently, the Supreme Court held that the Sixth Amendment is not violated whenever — by luck or happenstance — the State obtains incriminating statements from the accused after the right to counsel has attached. However, knowing exploitation by the State of an opportunity to confront the accused without counsel being present is as much a breach of the State’s obligation not to circumvent the right to the assistance of counsel as is the intentional creation of such an opportunity. Accordingly, the Sixth Amendment is violated when the State obtains incriminating statements by knowingly circumventing the accused’s right to have counsel present in a confrontation between the accused and a state agent.
Maine v. Moulton, - U.S. -, 106 S.Ct. 477, 487, 88 L.Ed.2d 481 (1985) (citation omitted); see also State v. Douse, 448 So.2d 1184 (Fla. 4th DCA 1984).
Since there is substantial, competent evidence in the record to support the conclusion that the “State ‘must have known’ that its agent was likely to obtain incriminating statements from the accused in the absence of counsel,” Maine v. Moulton, supra, 106 S.Ct. at 487 n. 12, (quoting United States v. Henry, 447 U.S. 264, 100 S.Ct. 2183, 65 L.Ed.2d 115 (1980)) and that the statements would be related to the charges for which the defendant had been arrested, the order on appeal is
AFFIRMED.
HERSEY, C.J., and LETTS, J., concur.