PER CURIAM.
The appellant, Alexander Walker, appeals a sentence imposed upon him after he was convicted of robbery. We find that appellant was improperly sentenced and, accordingly, remand for resentencing.
After a jury found appellant guilty of robbery, as charged, the trial court sentenced him to fifteen years imprisonment. The record does not contain a guidelines scoresheet, but does contain the court’s written reasons for what the parties agree was a departure sentence.
Appellant filed a timely notice of appeal and contends that the trial court erred in imposing a departure sentence without knowledge of appellant's presumptive sentence. We agree that the court erred when it sentenced appellant without the guidelines scoresheet required by Florida Rule of Criminal Procedure 3.701(d). Mack v. State, 482 So.2d 565 (Fla. 2d DCA 1986). If the court had been informed of the appellant’s presumptive sentence and of the guidelines range, the failure to file a scoresheet would have been harmless error. Davis v. State, 461 So.2d 1361 (Fla. 2d DCA), review denied, 471 So.2d 43 (Fla.1985). In this case, however, since the record does not reflect that the court was aware of the presumptive sentence or the guidelines range, the court was without sufficient information to decide whether to depart from the guidelines. We must, therefore, reverse and remand for resen-tencing. Robinson v. State, 471 So.2d 671 (Fla. 2d DCA 1985).
Because of the above disposition of appellant’s sentence, we are not required to rule on the validity of the written reasons the trial court gave for departure. Once a proper guidelines scoresheet has been prepared, the trial court must provide valid clear and convincing reasons in writing if it decides to depart from the guidelines range.
Reversed and remanded.
*122 CAMPBELL, Acting C.J., SCHOONOVER, J., and PACK, R. WALLACE, Associate Judge, concur.