THREADGILL, Judge.
Jack McHaney appeals his convictions and sentences for first degree murder and attempted robbery. We affirm the convictions but remand for resentencing on the attempted robbery charge.
McHaney was convicted of the first degree murder of a Tampa grocery manager during an attempted robbery. Following trial, and a jury recommendation of life imprisonment, the trial judge sentenced McHaney to life imprisonment without parole for twenty-five years on the murder charge. He also sentenced McHaney to the statutory maximum of fifteen years for attempted robbery.
McHaney first contends that because he had no lawyer at a lineup shortly after his arrest, the resulting identification should have been suppressed. We disagree. The lineup was held eight hours after his arrest but prior to any formal charges being filed, and prior to his first appearance before a judicial officer. In State v. Bragg, 371 So.2d 1080 (Fla. 4th DCA 1979), on similar facts, the court held that because the lineup took place prior to the defendant’s appearance before a judicial officer, and prior to the filing of a formal charging document, the defendant did not have a right to counsel at the lineup following his arrest.
The United States Supreme Court has held that “a person’s Sixth and Fourteenth amendment right to counsel attaches only at or after the time that adversary judicial proceedings have been initiated against him.” Kirby v. Illinois, 406 U.S. 682, 688, 92 S.Ct. 1877, 1881, 32 L.Ed.2d 411, 417 (1972). In Florida this has been interpreted to include formal charging, a preliminary hearing or arraignment and the first appearance. Sobczak v. State, 462 So.2d 1172, 1173 (Fla. 4th DCA 1984).
McHaney relies on Sobczak to support his argument that he was entitled to counsel at all post-arrest proceedings. However, the lineup in Sobczak occurred after the first appearance hearing, and was pursuant to a court order that both defendants in the case “participate in lineups arranged by police authorities with reasonable notice to the attorney for each of both defendants.”
McHaney also argues that he specifically requested a lawyer at the lineup and was told by the police officers that the Public Defender’s office had been notified. However, Officers Rodriguez and Baker, who conducted the lineup, denied these allegations. The trial judge hearing this conflicting testimony concluded that no such request was made, and we may not substi *254 tute our judgment for that of the finder of fact. Delgado v. Strong, 360 So.2d 73 (Fla.1978); Prevatt v. Prevatt, 462 So.2d 604 (Fla. 2d DCA 1985).
McHaney next contends that he did not waive his right to be present when the jury viewed the crime scene. We find no merit in this argument. The record reflects that McHaney was aware of the jury view and made no request to attend. In U.S. v. Gagnon, 470 U.S. 522, 529, 105 S.Ct. 1482, 1486, 84 L.Ed.2d 486 (1985), the Supreme Court held that “[i]f a defendant is entitled ... to attend certain ‘stages of the trial’ which do not take place in open court, the defendant or his counsel must assert that right at the time; ...” Moreover, in this case, the record reflects that the trial judge discussed the jury view in McHaney’s presence and that his counsel asserted a waiver “with his consent”.
Finally, McHaney argues that the trial court erred in sentencing him to the statutory maximum of 15 years for attempted robbery without considering a guidelines scoresheet. We agree. Although sentencing guidelines do not apply to the capital felony, they do apply to the attempted robbery charge. See § 921.001(4)(a), Fla.Stat. (1985) and Rule 3.701(d), Fla.R.Crim.P. (1987). It was, therefore, error to sentence McHaney for attempted robbery without the scoresheet. Walker v. State, 12 F.L.W. 1916 (Fla. 2d DCA Aug. 5, 1987); Mack v. State, 482 So.2d 565 (Fla. 2d DCA 1986).
On remand, the capital felony may be considered by the trial judge as a reason for departing from the guidelines. Weems v. State, 469 So.2d 128 (Fla.1985); see Davis v. State, 493 So.2d 82 (Fla. 1st DCA 1986).
The convictions are affirmed, but we remand for resentencing on the attempted robbery charge.
DANAHY, C.J., and FRANK, J., concur.