HARRIS, Judge.
Officer Callison observed a juvenile exit the Seminole County Courthouse and enter a “rose-colored” Oldsmobile which appeared similar to a stolen 1983 Oldsmobile. The stolen vehicle was reported to be “champagne or sable color which looked like light brown.” The stolen vehicle was recovered later that day. Officer Callison personally observed the vehicle and determined it was the same vehicle he had seen the juvenile enter. Callison then viewed a juvenile photo book and identified appellant as the one seen in the stolen Oldsmobile.
At trial the color of the stolen vehicle was questioned. In order to resolve the issue the judge conducted a view of the courthouse parking lot where the victim had parked the Oldsmobile. The judge specifically excluded the defendant from participating in the view. This was error and we reverse.
The defendant must be present at a jury[1] view unless he or, with his consent, his attorney waives that right. Amazon v. State, 487 So.2d 8 (Fla.1986) cert. denied, 479 U.S. 914, 107 S.Ct. 314, 93 L.Ed.2d 288 (1986); Roberts v. State, 510 So.2d 885 (Fla.1987) cert. denied, 485 U.S. 943, 108 S.Ct. 1123, 99 L.Ed.2d 284 (1988). See also McHaney v. State, 513 So.2d 252 (Fla. 2d DCA 1987).
REVERSED and REMANDED.
DAUKSCH and PETERSON, JJ., concur.

. In this case the trial judge was the "jury.[1]