WIGGINTON, Judge.
Appellant appeals his convictions of first-degree murder, kidnapping, robbery with a firearm and possession of a firearm during the commission of a felony. We affirm.
The charges arose from the May 5, 1989 robbery, kidnapping and murder of a liquor store clerk. On May 12, 1989, appellant was arrested on the charges. In statements given that day, he denied any knowledge of the crime and denied being with his codefendant on May 5. At his first appearance on May 13, the trial court appointed the public defender to represent him “in all proceedings arising from the initiation of criminal action, including post-conviction proceedings, and appeals therefrom ... and other proceedings which are adversary in nature....”[1]
On the evening of May 13, after appellant’s first appearance and the appointment of counsel, officers again initiated an interview with appellant and obtained a Miranda[2] waiver from him. Appellant admitted at that time that he was with the codefendant on the day in question. He denied going into the liquor store, saying that he remained in the car while the code-fendant went in and subsequently came out with the clerk, pulled a gun, drove into a wooded area, took the clerk into the woods and shot her. According to the officer’s testimony, shortly after that interview ended, appellant “indicated” that he wanted to give another statement. Thereupon, he admitted his participation in the robbery and stated that he and the codefendant had planned to rob the store; he admitted taking the gun used in the crime from his home and giving it to the codefendant; he stated that the codefendant pulled the gun and obtained money from the clerk; he admitted that he took the money and went to the car; he said that the codefendant then came out of the store with the clerk and put her in the car. The rest of his statement was consistent with the previous statement except for the fact that he admitted driving the car at the codefendant’s direction. The trial court denied his motion to suppress those statements.
Other evidence presented at trial placed appellant with the codefendant on the day *414 in question and showed that the murder weapon very probably came from appellant’s home. Appellant was convicted of the murder charge pursuant to the felony murder rule solely based upon his participation in the robbery and/or kidnapping.
On appeal, appellant asserts that his statements should have been suppressed because, in initiating the interviews on May 13, which led to his inculpatory statement, the officers violated his right to counsel under either the Sixth Amendment or Article I, section 16 of the Florida Constitution since he had been appointed counsel that day for representation throughout these proceedings. The state counters that the appointment of counsel for appellant at first appearance did not result in attachment of his right to counsel and thus his failure to assert his Fifth Amendment right to counsel, as shown by his waiver of Miranda rights, renders his statements admissible.[3]
Based upon our in-depth review of the Fifth Amendment and Sixth Amendment rights to counsel, the right to counsel created by the Florida Constitution, and our study of recent opinions of the United States Supreme Court and Florida courts dealing with this issue, we conclude that appellant’s right to counsel had not “attached” under either the Sixth Amendment or the Florida Constitution, to the extent that his Miranda waiver was ineffective since formal charges had not been filed against him. Thus, his valid Miranda waiver renders his challenged statements admissible.
In McNeil v. Wisconsin, — U.S. -, 111 S.Ct. 2204, 115 L.Ed.2d 158 (1991), the Court elaborated on the Fifth Amendment and Sixth Amendment rights to counsel and declared that invocation of the Sixth Amendment right to counsel envelopes a defendant in a mantle of protection which incorporates Fifth Amendment protections to the extent that the defendant need not specifically invoke his Fifth Amendment right to counsel, as is normally required. The Court stated:
The Sixth Amendment provides that “[i]n all criminal prosecutions, the accused shall enjoy the right ... to have the Assistance of Counsel for his defence.” In Michigan v. Jackson, 475 U.S. 625, 106 S.Ct. 1404, 89 L.Ed.2d 631 (1986), we held that once this right to counsel has attached and has been invoked, any subsequent waiver during a police-initiated custodial interview is ineffective.[4]
The pivotal question in the instant case therefore is whether appellant’s right to counsel attached upon appointment of counsel at his first appearance. The United States Supreme Court has clearly declared that the protections of the Sixth Amendment right to counsel are not triggered by the mere existence of an attorney/client relationship but instead the initiation of adversary judicial proceedings is fundamental to application of the Sixth Amendment right to counsel. Moran v. Burbine, 475 U.S. 412, 106 S.Ct. 1135, 89 L.Ed.2d 410 (1986); Maine v. Moulton, 474 U.S. 159, 106 S.Ct. 477, 88 L.Ed.2d 481 (1985); McNeil. Thus, as held in Moulton, the Sixth Amendment right to counsel does *415 not attach until after the initiation of formal charges or other adversary proceedings. In Moulton, the defendant had legal representation at the time he made his incriminating statement but the court rejected his argument that the attorney/client relationship itself triggered the Sixth Amendment right. In Moran, the court further rejected the defendant’s contention that custodial interrogations require attachment of the Sixth Amendment right to counsel, and the concomitant right to noninterference with the attorney/client relationship, regardless of whether adversary judicial proceedings have been initiated. The court declared:
For an interrogation, no more or less than for any other “critical” pre-trial event, the possibility that the encounter may have important consequences at trial, standing alone, is insufficient to trigger the Sixth Amendment right to counsel. As Gouveia [United States v. Gouveia, 467 U.S. 180, 104 S.Ct. 2292, 81 L.Ed.2d 146 (1984)] made clear, until such time as the “ ‘government has committed itself to prosecute, and ... the adverse position of government and defendant have solidified’ ” the Sixth Amendment right to counsel does not attach. 467 U.S. [180], at 189, 81 L.Ed.2d 146, 104 S.Ct. 2292[, at 2298] (quoting Kirby v. Illinois, 406 U.S. [682] at 689, 32 L.Ed.2d 411, 92 S.Ct. 1877 [at 1882]).
In Moran, the court recognized that admissions of guilt “are essential to society’s compelling interest in finding, convicting, and punishing those who violate the law.” The court was not unmindful of the “fine line between legitimate efforts to elicit admissions and constitutionally impermissible compulsion.” The court noted that Miranda attempted to reconcile those opposing concerns by giving the defendant the power to exert some control over the course of the interrogation. Thus, the court indicated an understanding that even when the umbrella of protections afforded by the Sixth Amendment is not yet ripe for extension to a defendant prior to the filing of formal charges, that defendant is still afforded the protections of the Fifth Amendment, as they have been extended by the decision in Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). In the instant case, since formal judicial proceedings had not been initiated against appellant by way of indictment, information, arraignment or other adversarial proceedings, his right to counsel under the Sixth Amendment clearly had not attached at the time his challenged statements were given.
Next we are confronted with the question of whether the appointment of counsel at appellant’s first appearance sufficiently effected attachment of his right to counsel under the Florida Constitution to afford him greater protection than he would receive from the Sixth Amendment. Conflicting views on this issue have arisen in this state.
In State v. Douse, 448 So.2d 1184 (Fla. 4th DCA 1984), the court determined on the following basis that Florida law provides greater protection than the Sixth Amendment to the Federal Constitution: Article I, section 16 of the Florida Constitution guarantees the right to assistance of counsel in all criminal proceedings; Rule 3.130, Florida Rules of Criminal Procedure, provides that the right to assistance of counsel is guaranteed as early as the defendant’s first appearance; thus police-initiated interrogation of a defendant after appointment of counsel at first appearance violates his state constitutional right to assistance of counsel, thus requiring suppression of any statement given at that time. In Sobczak v. State, 462 So.2d 1172 (Fla. 4th DCA 1984), the court again recognized that the Sixth and Fourteenth Amendment rights to counsel under the United States Constitution attach only at or after the time that adversary judicial criminal proceedings have been initiated against him. However, the court again determined that, under Florida law, the right to counsel attaches as early as the first appearance. In addition to Article I, section 16 of the Florida Constitution and Rule 3.130, Florida Rules of Criminal Procedure, the court also relied upon Rule 3.111(a), Florida Rules of Criminal Procedure, which provides that a per *416 son is entitled to appointment of counsel “when he is formally charged with an offense, or as soon as feasible after custodial restraint or upon his first appearance before a committing magistrate, whichever occurs earliest” (emphasis supplied).
Conflict has been created on this issue within the state with the Fifth District Court of Appeal’s decision in Peoples v. State, 576 So.2d 783 (Fla. 5th DCA 1991). In Peoples, the court determined that since Peoples had not been formally charged when his statements were made but had only been afforded his first appearance which is a non-adversary preliminary hearing under Rule 3.133(a), his Sixth and Fourteenth Amendment rights to counsel had not attached at that time and any subsequent statement made after a valid waiver of his Fifth Amendment rights pursuant to Miranda, was admissible. The court recognized direct conflict with Douse and refused to construe the wording of Article I, section 16, of the Florida Constitution to create stronger rights than are found in the Sixth Amendment to the United States Constitution.
We agree with the reasoning set forth in Peoples. Article I, section 16, of the Florida Constitution provides that: “[i]n all criminal prosecutions the accused shall ... have the right ... to be heard in person, by counsel or both, .... ” As the Peoples court determined, we do not construe those words as providing any stronger rights than those found in the Sixth Amendment where the accused has the right “to have assistance of counsel for his defence.” Further, as in Peoples, we do not construe the availability of appointed counsel afforded by Rule 3.130(c)(1) and Rule 3.111(a), Florida Rules of Criminal Procedure as accelerating the time when the right to assistance of counsel attaches so as to prohibit further police investigation beyond the Miranda protections.
We believe this result reaches a proper, workable balance between society’s legitimate law enforcement interests and a defendant’s constitutional rights. In reaching this result, we lend great credence to the United States Supreme Court’s expressed concerns regarding that balance and, as discussed in Moran, the necessity to maintain the integrity of “the fine line between legitimate efforts to elicit admissions and constitutionally impermissible compulsions.” We recognize and appreciate the fact that the Miranda protections reconcile those opposing concerns by empowering the defendant with the means to extend some control over the interrogation process.
Recognizing that the Peoples decision is pending in the supreme court on the basis of its conflict with Douse and Sobczak, we acknowledge this opinion’s conflict with Douse and Sobczak and, further, certify to the supreme court the following question as one of great public importance:
DOES ARTICLE I, SECTION 16 OF THE FLORIDA CONSTITUTION AFFORD A GREATER RIGHT TO COUNSEL PROTECTION THAN THE SIXTH AMENDMENT PROVIDES?
We have considered appellant’s remaining points and find them to be without merit.
AFFIRMED.
WOLF, J., and WENTWORTH, Senior Judge, concur.

. Due to a conflict arising from representation of the codefendant, the public defender determined that his office could not represent appellant and he so informed appellant on the morning of May 13. On May 15, the court entered an order granting the public defender’s motion to withdraw and appointed another attorney to represent appellant. We do not construe that course of events as having any effect on the rights attaching to the appointment of counsel to represent appellant.

. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

. In the alternative, the state also asserts that appellant’s final statement was initiated by him, and not by officers, and therefore, under any view of the question of the attachment of his right to counsel, his final statement is admissible. We reject the assertion that appellant initiated the final statement. There is no clear indication that he voluntarily initiated the statement and, even if he had done so, the first statement he made on the evening of May 13, which led to his final statement was undisputedly initiated by the officers. Clearly, therefore, if any right to counsel had attached prior to the giving of either of those statements, that right was violated and both statements would have to be suppressed under those circumstances.

. Finding that the Sixth Amendment protection is "offense specific” and thus attaches only to offenses charged, the McNeil court refused to extend the attached Sixth Amendment right to counsel protection to other or future investigations of a defendant on other charges. Thus, McNeil essentially differs from the Walker v. State, 573 So.2d 415 (Fla. 5th DCA 1991) decision heavily relied upon by appellant. However, since the statements challenged in the instant case do relate to offenses for which appellant had been appointed counsel, that portion of McNeil does not salvage the instant statements.