612 So.2d 557 (1992)
Donnie Demont PHILLIPS, Petitioner,
v.
STATE of Florida, Respondent.
No. 78730.
Supreme Court of Florida.
November 25, 1992.
Rehearing Denied February 16, 1993.
*558 John C. Harrison of John C. Harrison, P.A., Shalimar, for petitioner.
Robert A. Butterworth, Atty. Gen., James W. Rogers, Bureau Chief, Criminal Appeals, and Suzanne G. Printy, Asst. Attys. Gen., Tallahassee, for respondent.
Arthur I. Jacobs, Fernandina Beach, amicus curiae for Florida Prosecuting Attorneys Assn., Inc.
PER CURIAM.
We have for review Phillips v. State, 585 So.2d 412 (Fla. 1st DCA 1991), in which the district court certified a question of great public importance. We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. We quash the decision of the district court.
Phillips was arrested on May 12, 1989, in connection with the robbery, kidnapping, and murder of a liquor store clerk. In a statement given that day, he denied any knowledge of the crime. Several hours after a public defender was appointed at first appearance on May 13, police initiated an interview in the absence of counsel. After signing Miranda[1] waivers, Phillips made inculpatory statements during that and a subsequent interrogation session several minutes later. An indictment was returned on June 2, charging first-degree murder, kidnapping, robbery with a firearm, and possession of a firearm during the commission of a felony. The trial court denied Phillips' motion to suppress, the statements were admitted at trial, and he was convicted.
The district court affirmed, reasoning that Phillips' right to counsel under both the Sixth Amendment of the federal Constitution and article I, section 16, Florida Constitution, did not attach until he was indicted and thus his right was not violated by the May 13 police interrogations. The court certified:
Does article I, section 16, of the Florida Constitution afford a greater right to counsel protection than the Sixth Amendment provides?
Phillips, 585 So.2d at 416. Because the protection afforded the defendant under either constitution is fact-bound,[2] we rephrase the question as follows:

*559 At what point does the right to counsel attach under article I, section 16, Florida Constitution, and under the Sixth Amendment to the federal Constitution?
We addressed the right to counsel issue in two recent cases, which are dispositive. In Traylor v. State, 596 So.2d 957 (Fla. 1992), we ruled that the right to counsel under article I, section 16, Florida Constitution, attaches as follows:
In other words, a defendant is entitled to counsel at the earliest of the following points: when he or she is formally charged with a crime via the filing of an indictment or information, or as soon as feasible after custodial restraint, or at first appearance.
Traylor, 596 So.2d at 970 (footnotes omitted). The federal Sixth Amendment right to counsel also attaches at the earliest of several points: via "formal charge, preliminary hearing, indictment, information, or arraignment." Kirby v. Illinois, 406 U.S. 682, 689, 92 S.Ct. 1877, 1882, 32 L.Ed.2d 411 (1972). In Owen v. State, 596 So.2d 985 (Fla. 1992), we ruled that when the federal Court used the term "arraignment" in Kirby and other right to counsel cases it meant a defendant's initial, or first, appearance before a committing magistrate. Once the right attaches under either constitution and is invoked on a particular charge, police may not initiate questioning on that charge in the absence of counsel. Id. at 989; Traylor, 596 So.2d at 968.
Under this caselaw, it is clear that Phillips' right to trial counsel had attached and been properly invoked under either constitution. Because subsequent police-initiated interrogations[3] were conducted without counsel, the resulting statements were inadmissible. Since we cannot say beyond a reasonable doubt that the statements had no effect on the verdict, Phillips' convictions must be reversed and sentences vacated.[4]See State v. DiGuilio, 491 So.2d 1129, 1139 (Fla. 1986). We quash the decision of the district court and remand for proceedings consistent with this opinion.[5]
It is so ordered.
BARKETT, C.J., and OVERTON, McDONALD, SHAW, GRIMES, KOGAN and HARDING, JJ., concur.
NOTES
[1] Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).
[2] As explained in this opinion, the right to trial counsel under either constitution may attach at various points. Thus, in some cases the extent of the protection afforded by the Florida Constitution may be coextensive with that of the federal, while in others it may be greater. Regardless of when the right attaches, the defendant must still invoke the right in order to be protected.
[3] As to the State's assertion that the second interview on May 13 was not police-initiated, the district court found:

We reject the assertion that appellant initiated the final statement. There is no clear indication that he voluntarily initiated the statement and, even if he had done so, the first statement he made on the evening of May 13, which led to his final statement was undisputedly initiated by the officers.
Phillips v. State, 585 So.2d 412, 414 n. 3. The record supports the district court's ruling on this point. Officer Mann testified that he initiated the first interview and that the second took place "[j]ust within probably a few minutes" of the first.
[4] We decline to address the other issues raised by Phillips.
[5] To the extent language in Montgomery v. State, 176 So.2d 331 (Fla. 1965), cert. denied, 384 U.S. 1023, 86 S.Ct. 1955, 16 L.Ed.2d 1026 (1966), and Weatherford v. State, 76 Fla. 219, 79 So. 680 (1918), may be read as inconsistent with Traylor and Owen, we recede from Montgomery and Weatherford.