172 N.J. Super. 533 (1980)
412 A.2d 1087
THE STATE OF NEW JERSEY, PLAINTIFF,
v.
JOHN QUAID, DEFENDANT.
Superior Court of New Jersey, Law Division (Criminal), Monmouth County.
Decided January 25, 1980.
*535 Edward K. Zuckerman for defendant.
John Dillon, Assistant Prosecutor, for the State (Alexander D. Lehrer Prosecutor of Monmouth County, attorney).
SHEBELL, J.S.C.
Defendant motor vehicle driver moves to suppress the results of a breathalyzer test administered by a State Police officer following his arrest for drunken driving. The only issue is whether his giving consent under circumstances where he was advised his license would be suspended if he did not take the test, without advising that he would be entitled to a hearing before suspension, requires suppression of the test results. The written forms used by the State Police to advise a motorist of his rights, as well as a verbal statement made by the trooper, *536 failed to mention that the suspension is not automatically imposed. Defendant did not know that he would be entitled to a hearing before such suspension. He asserts that since he was not advised of this right to a hearing, the consent is invalid because he gave consideration and weight to the consequences of an automatic suspension if he did not take the test.
While this court concurs in defendant's position that written instruction number 7 of the New Jersey State Police forms is not an accurate statement as to the right of a defendant if he refuses the test and the consequences of his refusal, nonetheless such a defect will not warrant suppression of the breathalyzer results where defendant is not otherwise unconstitutionally or unlawfully forced to take the test.
N.J.S.A. 39:4 50.2(a) specifically provides that "any person who operates a motor vehicle ... shall be deemed to have given his consent to the taking of samples of his breath . ." Subsection (e) states that no specimen may be "taken forcibly and against physical resistance" thereto by the defendant. The consequences of refusal to submit to testing and the procedures for notice and a hearing on that refusal are set forth in N.J.S.A. 39:4-50.4.
This type of statute is commonly referred to as an implied consent law. There need not be any further consent given at the time of administration of the test under the requirements of the statute. The consent is implied and attaches to all who choose to operate a motor vehicle within this State. This implied consent under the statute has passed constitutional challenge as to alleged violations of the Federal Constitution's Fifth and Fourteenth Amendment guarantees. Bean v. Strelecki, 101 N.J. Super. 310 (App.Div. 1968); Schmerber v. California, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966).
The purpose of obtaining in writing a statement from a defendant as to his willingness to take the test is that if he refuses, appropriate action can be taken by the Director of the Division of Motor Vehicles to suspend his driving privileges.
*537 The true merit of the implied consent approach to testing is that serious questions as to a defendant's ability to consent because of his intoxicated condition are eliminated as possible obstacles to the admissibility of the test when it has been successfully administered. Other approaches put a defendant who has a high level of blood alcohol in a position to use it to his advantage by arguing that the test result is inadmissible since he was too drunk to knowingly consent to take the test. See District of Columbia v. Onley, 399 A.2d 84 (Ct.App. 1979), for contrary result under a distinguishable implied consent statute. A defendant has no right under our statute to refuse to take the test, and the only statutory prohibition is against the use of force to obtain a specimen provided there are reasonable grounds to believe the driver is under the influence. State v. Macuk, 57 N.J. 1 (1970); State v. Burns, 159 N.J. Super. 539 (App.Div. 1978). A driver also has no right to have the advice of an attorney before proceeding with the decision as to whether or not he will refuse to take the test. State v. Pandoli, 109 N.J. Super. 1 (App.Div. 1970).
The United States Supreme Court held in Schmerber v. California, supra, that there is no constitutional prohibition against taking a blood sample from a defendant even where he has refused after consulting with counsel, so long as probable cause exists, and also no requirement for a warrant exists even though it is a "search and seizure" under the Fourth Amendment of the Federal Constitution because exigent circumstances usually exist since the body rapidly eliminates alcohol.
There is no logical or reasonable relationship between the failure to advise a defendant that he will be entitled to a hearing before his driving privileges are suspended should he refuse to take the test and the admissibility of the test itself under a statute which does not afford the defendant a right to refuse the test once he has driven upon the highways of this state under circumstances demonstrating that he is under the influence.
*538 Our courts at all levels have recognized the sound and necessary public policy of requiring scientific testing for sobriety of drivers of motor vehicles. To judicially impose an informed consent standard at the time of testing as a condition of admissibility of the test results would impede the sound legislative intent demonstrated in the New Jersey statute.
The motion to suppress is accordingly denied.