500 So.2d 597 (1986)
The STATE of Florida, Appellant,
v.
Charles HOCH, Appellee.
No. 85-1905.
District Court of Appeal of Florida, Third District.
December 16, 1986.
Rehearing Denied January 15, 1987.
Jim Smith, Atty. Gen., Tallahassee, and Randi Klayman Lazarus, Miami, and Richard Doran, Tallahassee, for appellant.
Nathan E. Eden, Key West, Bennie Lazzara, Jr., Henry Lee Paul, Tampa, for appellee.
Before SCHWARTZ, C.J., and HUBBART, and JORGENSON, JJ.
JORGENSON, Judge.
The appellee, Charles Hoch, was arrested for driving while under the influence of alcoholic beverages (DUI), in violation of section 316.193(1), Florida Statutes (1983).[1] *598 After performing various field sobriety tests, he was transported to a "DUI intake" station where he was filmed performing various physical tests. At the conclusion of the tests, he was read his Miranda rights, at which point Hoch said, "I'd like a lawyer." This request was denied, and Hoch took the breath test. He moved to suppress the breath test results, contending that the test was taken in violation of section 901.24, Florida Statutes (1983), the due process clause of the fifth and fourteenth amendments, and the right to counsel provision of the sixth amendment. The trial court granted Hoch's motion on the first two grounds and, under Florida's procedure for certifying questions of great public importance from the county court,[2] certified the following questions to this court:
I. WHETHER A 6TH AMENDMENT RIGHT TO COUNSEL UNDER THE UNITED STATES CONSTITUTION ATTACHES SO AS TO REQUIRE ACCESS TO AN ATTORNEY PRIOR TO BEING REQUIRED TO SUBMIT TO THE IMPLIED CONSENT BLOOD/ALCOHOL TEST?
II. WHETHER THE 5TH AMENDMENT PROCEDURAL DUE PROCESS REQUIREMENTS OF THE UNITED STATES CONSTITUTION AND/OR FLORIDA STATUTE 901.24 REQUIRE THE POLICE TO PERMIT A BRIEF RECESS PRIOR TO THE BREATH TEST TO AUTHORIZE AN ACCUSED AN OPPORTUNITY TO CONSULT AN ATTORNEY PRIOR TO SUBMITTAL TO THE BREATH TEST IF THE ACCUSED REQUESTS AN OPPORTUNITY TO CONSULT WITH COUNSEL?
We agree that both questions are of great public importance, answer both questions in the negative, and reverse.

I.

Sixth Amendment Right to Counsel
In all criminal prosecutions, the accused shall ... have the Assistance of Counsel for his defence.
  U.S. Const. amend. VI.
The sixth amendment right to counsel attaches at critical stages of the criminal proceedings and operates to ensure the accused's right to a fair trial. United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967). In Kirby v. Illinois, 406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed.2d 411 (1972), the Supreme Court elaborated on the phrase "critical stage" by holding that the sixth amendment attaches only at or after the time the adversary judicial proceedings have been initiated. Id. at 688, 92 S.Ct. at 1881-82, 32 L.Ed.2d at 417. The commencement of criminal proceedings, whether by way of formal charge, preliminary hearing, indictment, information, or arraignment, marks the start of adversary judicial proceedings. See id. at 689, 92 S.Ct. at 1882, 32 L.Ed.2d at 417. The purpose of the sixth amendment is not to protect a suspect from his own candor, but rather is to insure that he is not left to his own devices when facing the "prosecutorial forces" of the state. Moran v. Burbine, 475 U.S. ___, ___, 106 S.Ct. 1135, 1146, 89 L.Ed.2d 410, 427 (1986) (quoting Maine v. Moulton, 474 U.S. ___, ___, 106 S.Ct. 477, 484, 88 L.Ed.2d 481, 492 (1985), and Kirby, 406 U.S. at 689, 92 S.Ct. at 1882, 32 L.Ed.2d at 418). Thus, "the Sixth Amendment right to counsel does not attach until after the initiation of formal charges." Moran, 475 U.S. at ___, 106 S.Ct. at 1146, 89 L.Ed.2d at 427 (citing United States v. Gouveia, 467 U.S. 180, 187, 104 S.Ct. 2292, 2297, 81 L.Ed.2d 146, 153 (1984)).
Even before Moran, other states had concluded that there is no sixth amendment *599 right to counsel before a breath test.[3]See, e.g., State v. Jones, 457 A.2d 1116 (Me. 1983); Dunn v. Petit, 120 R.I. 486, 388 A.2d 809 (1978). While other states had managed to find that a sixth amendment right to counsel exists when a person is faced with taking a breathalyzer test, see, e.g., People v. Gursey, 22 N.Y.2d 224, 239 N.E.2d 351, 292 N.Y.S.2d 416 (1968); Sites v. State, 300 Md. 702, 481 A.2d 192 (1984), those cases are of doubtful validity in light of the Supreme Court's recent decision in Moran where the Court unequivocally states that the sixth amendment right to counsel does not attach until after formal charges are initiated. Moran, 475 U.S. at ___, 106 S.Ct. at 1146, 89 L.Ed.2d at 427; see Forte v. State, 707 S.W.2d 89, 92 (Tex. Crim. App. 1986) (in Moran, the Supreme Court has "crystalized its position as to when the Sixth Amendment right to counsel attaches"). The fourth district in Sobczak v. State, 462 So.2d 1172 (Fla. 4th DCA 1984), rev. denied, 469 So.2d 750 (Fla. 1985), had held that a lineup constituted adversary judicial proceedings. In light of Moran, and because the fourth district decided this issue on a constitutional basis, Sobczak is no longer good law. See Traylor v. State, 498 So.2d 1297 (Fla. 1st DCA 1986) (under Gouveia and Florida Rule of Criminal Procedure 3.140(a), adversary criminal proceedings arise, and the sixth amendment right to counsel attaches, after indictment or information).
In the instant case, the defendant was given the option of taking the breathalyzer test following his arrest but before the initiation of criminal proceedings against him. The test, therefore, was not a critical stage in the prosecution, and the defendant had no sixth amendment right to counsel. The first certified question is, accordingly, answered in the negative.

II.

Fifth Amendment
No person ... shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law... .
  U.S. Const. amend. V.

A. Right to Attorney Implicit in Privilege Against Self-Incrimination

There is also a right to counsel which is implicit in the fifth amendment right against self-incrimination. The rationale for this right is that for the privilege against self-incrimination to be meaningful an attorney must be present to safeguard that privilege. However, for the fifth amendment right to counsel to apply, the person must be making a communication that could incriminate him. The fifth amendment cannot apply to evidence which is nontestimonial or noncommunicative in nature. South Dakota v. Neville, 459 U.S. 553, 103 S.Ct. 916, 74 L.Ed.2d 748 (1983); Schmerber v. California, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966); C. Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967). The results of a breathalyzer test, like speaking or writing for identification, photographs, fingerprints, or the physical appearance and gestures of a defendant, are physical evidence and are not testimonial. Schmerber, 384 U.S. at 764, 86 S.Ct. at 1832, 16 L.Ed.2d at 916; see Neville, 459 U.S. at 559, 103 S.Ct. at 920, 74 L.Ed.2d at 756; Gilbert, 388 U.S. at 266-67, 87 S.Ct. at 1953, 18 L.Ed.2d at 1182-83. As a person's breath is not protected by the fifth amendment right against self-incrimination, a person has no fifth amendment right to consult with an attorney prior to deciding whether to submit to a breathalyzer. See Colgan v. State Department of Revenue, Motor Vehicle Division, 623 P.2d 871 (Colo. 1981); Growe v. State, 675 S.W.2d 564 (Tex. Crim. App. 1984). As the Texas Court of Criminal Appeals has pointed out,
[a] rule that focuses on preventing collection of a breath sample, merely because *600 a defendant has been informed of his right to have counsel present if he is interrogated, would severely restrict police officers in the pursuit of lawfully collecting evidence of intoxication and, more significantly, do nothing to further protect the privilege against self-incrimination.
McCambridge v. State, 712 S.W.2d 499, 506 (Tex. Crim. App. 1986).
Just as a defendant is not entitled to an attorney's advice when refusing to submit to fingerprinting, photographing, or measuring, or speaking, walking, or gesturing for identification, a defendant is not entitled to an attorney's advice when refusing a breath test. Id. at 503. A breathalyzer test is physical evidence as are the other tests. Schmerber.

B. Due Process Considerations

In addition to the fifth amendment due process clause, the fourteenth amendment also contains a due process clause and provides that no state shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV. Most of the protections provided in the Bill of Rights (those considered fundamental to the American system of law) have been applied to the states through the fourteenth amendment due process clause. See Duncan v. Louisiana, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968); J. Nowak, R. Rotunda, & J. Young, Constitutional Law 412-14 (2d ed. 1983). We agree with those states which have found that due process does not require that a driver be allowed to consult with an attorney before a breathalyzer test.
In State v. Newton, 291 Or. 788, 636 P.2d 393 (1981) (in banc), the defendant was denied the right to consult with an attorney before taking a breathalyzer test. The court noted that it had often applied the exclusionary rule in the context of denial of rights protected by the Bill of Rights, but that the case offered the first opportunity to consider exclusion for a deprivation of liberty protected by the due process clause. The Supreme Court of Oregon declined to exclude the results of the breathalyzer test because there was no causal relationship between the request to call the attorney and the procurance of the breath sample. The court stated that there was no indication that Newton had an attorney, that an attorney was available, that if Newton had been given an opportunity to talk to an attorney the results would have been fruitful, or that the attorney would or would not have recommended the test be taken. The court concluded that there was no case which required exclusion for deprivation of a constitutionally protected liberty interest. Id. at 407-08; see Dunn, 388 A.2d at 812 (no due process right to counsel; a license to operate a vehicle is not a "vested personal liberty").
Some state courts have held that fundamental fairness under the due process clause requires that a defendant be offered a reasonable amount of time to consult with an attorney because of the importance attached to retaining a driver's license. See, e.g., Troy v. Curry, 36 Ohio Misc. 144, 303 N.E.2d 925 (1973); Bunten v. Motor Vehicles Division, State of Oregon, 55 Or. App. 515, 639 P.2d 135, aff'd, 293 Or. 715, 652 P.2d 794 (1982). These courts hold, in essence, that under due process concepts a defendant should be afforded fifteen to thirty minutes to try to contact an attorney, he may not use this right as a pretext for delaying administration of the test, and his inability to reach an attorney or the inaccessibility of a telephone is immaterial.
There are three reasons why we decline to find that there is any due process right to consult an attorney before a breathalyzer test. First, for a court to find denial of due process, the defendant must establish an actual deprivation of a right. Harrison v. State Department of Public Safety, 298 So.2d 312, 318 (La. Ct. App.), writ denied, 300 So.2d 840 (La. 1974). The simple fact is that an accused has no right to refuse to take the test. As a matter of legislative grace, he has the option of doing so. Neville, 459 U.S. at 565, 103 S.Ct. at 923, 74 L.Ed.2d at 760. Since there is no right to *601 refuse, merely an option to do so, there could not have been a denial of due process.
Second, in determining whether the government's action is violative of the due process clauses of the fifth and fourteenth amendments, a comparison of the interests of the state with the interests of the individual is required. Fusari v. Steinberg, 419 U.S. 379, 95 S.Ct. 533, 42 L.Ed.2d 521 (1975); Haitian Refugee Center v. Smith, 676 F.2d 1023 (5th Cir.1982). A driver's license is a privilege, not a right, and the state may strictly regulate that privilege. A state's interest in keeping drunks off public roads greatly outweighs an individual's privilege of driving. Cf. Neville, 459 U.S. at 558-59, 103 S.Ct. at 920, 74 L.Ed.2d at 755 (quoting, among others, Breithaupt v. Abram, 352 U.S. 432, 439, 77 S.Ct. 408, 412, 1 L.Ed.2d 448, 453 (1957) ("The increasing slaughter on our highways, most of which should be avoidable, now reaches the astounding figures only heard of on the battlefield."), and Mackey v. Montrym, 443 U.S. 1, 17-19, 99 S.Ct. 2612, 2620-21, 61 L.Ed.2d 321, 334-35 (1979) ("recognizing the `compelling interest in highway safety'")). Once we balance the state's interest in keeping the road clear of drunk drivers against Hoch's mere option to refuse, we conclude that there is no due process violation in refusing to allow him to consult with counsel before the test.
Third, there was no police abuse or any other prejudicial procedure which would necessitate suppression of the results on due process grounds. State v. Nece, 206 N.J. Super. 118, 501 A.2d 1049 (Law Div. 1985).[4]

III.

Implied Consent Statutes
Suspension of license for refusal to submit to test for impairment or intoxication. 
(1) If any person refuses an officer's request to submit to any breath, urine, or blood test provided in s. 316.1932, the department ... shall suspend his privilege to operate a motor vehicle for a period of 6 months.
  Section 322.261, Florida Statutes (1983).
One of the policies underlying this statute "is to facilitate the identification of drunken drivers and their removal from the highways." State v. Neitzel, 95 Wis.2d 191, 289 N.W.2d 828, 830 (1980). There is a division of authority among the states regarding a pretest right to counsel under implied consent statutes.[5],[6] Courts which have found no right to counsel have based their decisions upon the wording of the *602 statutes which typically provide that once a person applies for a license he has submitted to the legislatively imposed condition that he consent to taking the test. Since the drivers have already consented to take the test, the courts have found no reason for a defendant to consult counsel. Seders v. Powell, 298 N.C. 453, 259 S.E.2d 544, 551 (1979); Neitzel, 289 N.W.2d at 830. To allow counsel to be consulted where no constitutional right is involved would thwart the legislative purpose which is to keep the road safe from drunken drivers by making sure that anyone suspected of drunken driving can be tested. Neitzel. Because a refusal to take the test is contrary to the implied consent previously given, the refusal should not be encouraged by extending the right to counsel to those who are obliged to take the test. Seders, 259 S.E.2d at 550. Under an implied consent statute, a refusal to take the test is not a withholding of consent, but rather is a refusal to comply with a consent already given. Newton, 636 P.2d at 398.
As previously stated, a driver has no legal right to refuse to be tested; the implied consent statute gives him an option to refuse. However, that option to refuse "cannot be equated with a legal right when the exercise of that option involves a penalty and can also be used as inculpatory evidence in the driver's criminal trial." State v. Young, 483 So.2d 31, 33 (Fla. 5th DCA 1985). Since there is no legal right, there is no necessity that counsel be consulted. Even if the attorney were consulted before the test, there is no right of his client's which could be protected by the consultation. See Campbell v. Superior Court, 106 Ariz. 542, 479 P.2d 685, 693 (1971) (in banc) (relying upon Schmerber).
In addition, Hoch could hardly be surprised by the result we reach since he is a Louisiana resident and has a Louisiana driver's license. Louisiana's implied consent law, La. Rev. Stat. Ann. §§ 14:98, 32:667, 32:668, is much like Florida's and has been construed in a similar fashion. As a Louisiana resident, Hoch was on notice that he had consented to a breath test if he was suspected of being intoxicated. When he drove in Florida, Hoch impliedly agreed to abide by the laws of Florida, including Florida's implied consent law. In fact, if he had been arrested in his home state, he would not have had a right to consult with counsel prior to deciding whether to take a breathalyzer test. Harrison, 298 So.2d at 319.
IV.

Interaction of Implied Consent Law with the Right-to-Attorney Statute
A person arrested shall be allowed to consult with any attorney entitled to practice in this state alone and in private at the place of custody, as often and for such periods of time as is reasonable.
 Section 901.24, Florida Statutes (1983).
The impact of section 901.24 upon the implied consent statute appears to be a question of first impression in Florida. In deciding when the right to counsel attaches, instead of relying upon this statute, the district courts have depended instead upon the fifth and sixth amendments to the United States Constitution and the implied consent statute.
In Pastori v. State, 456 So.2d 1212 (Fla. 2d DCA 1984), the defendant requested that he be allowed to call his attorney before taking a breath test and additional field sobriety tests. Though the opinion is not clear, apparently he was not allowed to contact his attorney and was given the breath test. The second district held that suppression of the results of the breath test was not required, but its decision was based on the fact that results of such tests are not privileged under section 316.066, Florida Statutes (1981), the privileged accident report statute. No reference was made to section 901.24, although the statute was then in existence. In Cox v. State, 473 So.2d 778 (Fla. 2d DCA 1985), the defendant requested an attorney, but the blood sample was drawn before the attorney arrived. The second district held that the taking of a blood test did not require *603 that counsel be present. In reaching its decision, the court relied upon Schmerber. Once again, no reference was made to section 901.24, although the statute was in existence.
Circuit and county courts which have considered the issue have reached mixed results as to whether a right to counsel under section 901.24 exists in DUI cases. The controversy surrounding the application of section 901.24 in these situations usually arises not upon an attempt by the driver to speak to his counsel, but rather upon an attempt by an attorney to speak to his client before the test.
In State v. Blue, 9 Fla. Supp.2d 3 (Fla. Orange Cty.Ct. 1985), the accused who demanded to speak to an attorney had been detained in a Batmobile (a mobile van which contains the necessary equipment to test drivers for intoxication). The trial court applied section 901.24 and determined that there was no right to counsel before the breathalyzer test. Since the language of the statute provided for a right to consult an attorney "alone or in private at the place of custody, as often and for such periods of time as is reasonable," the court concluded that it would not be feasible for an accused to consult an attorney at that point. The reasons given by the court were as follows: (1) the Batmobile had no phone and, if an inebriated person were taken to a phone, there was a possibility he could be injured, and, if a telephone were installed, the transmission would interfere with the radio equipment; (2) there were usually multiple defendants, each of whom had to be watched for twenty minutes before the test could be taken, and there was no way for those defendants to be private with their attorneys and, if there were a way for them to be private, then they could not be watched for the time required; and (3) indigent arrestees would not be protected because the public defender will not become involved in the standard DUI arrest. See Hoff v. State, 6 Fla. Supp.2d 79 (Fla. 9th Cir.Ct. 1983) (the circuit court, acting in its appellate capacity, stated that the more prevalent and more reasonable view of the issue was that an accused is not entitled to consult with an attorney before taking the test, and the court was unpersuaded that section 901.24 requires that an accused be allowed to do so).
We approve the rationale of the trial court in Blue. The problems foreseen by the court are real. While the specific problems vary depending upon the situation, i.e., Batmobile testing versus station house testing, the bottom line is that allowing multiple defendants to consult in private with their attorneys would create an administrative nightmare for the police. We decline to do this in the absence of any indication from the legislature that it intended such a result. See State v. Roche, 1 Fla. Supp.2d 189 (Fla. 9th Cir.Ct. 1981) (to allow a right to counsel before a breath test would be a "judicial engrafting" onto the implied consent statute, which makes no provision for a consultation prior to the test; since the implied consent law is the more recent statute, the courts must assume that the legislature in enacting the new statute has taken into consideration the statutes already in existence). But see State v. Carlin, 15 Fla. Supp.2d 71 (Fla. 17th Cir.Ct. 1986), of which we expressly disapprove (court stated that it is possible to harmonize both the implied consent statute and section 901.24 and found a right to counsel existed); State v. Kuminski, 2 Fla. Supp.2d 188 (Fla. Palm Beach Cty.Ct. 1983) (county court relied in part upon Prideaux v. State Department of Public Safety, 310 Minn. 405, 247 N.W.2d 385 (1976), which is no longer good law, Nyflot v. Commissioner of Public Safety, 369 N.W.2d 512 (Minn. 1985), appeal dismissed, ___ U.S. ___, 106 S.Ct. 586, 88 L.Ed.2d 567 (1985)).
We also note that the requirement of a breathalyzer test is but one part of the booking procedure when a defendant is arrested for DUI. No right to counsel exists during booking procedures. United States ex rel. Hines v. LaVallee, 521 F.2d 1109 (2d Cir.1975), cert. denied, 423 U.S. 1090, 96 S.Ct. 884, 47 L.Ed.2d 101 (1976).
Other states have statutes similar to the Florida statute. Wisconsin has a statute *604 which provides that if a person holding the defendant in custody denies the defendant his right to counsel, he will be fined or imprisoned or both. The Supreme Court of Wisconsin held that there was no right to counsel before the breathalyzer was taken, on the ground that "[t]he obligations of a driver under the implied consent law are entirely independent and unrelated to the general statutory right to counsel." Neitzel, 289 N.W.2d at 833. The court's argument was buttressed by the fact that the right-to-counsel statute became law prior to the enactment of the implied consent law, yet the implied consent statute made no mention of a right to counsel prior to alcohol testing. As a matter of statutory construction, the court held that the more recent and more specific implied consent law which made no provision for a right to counsel was controlling, and, therefore, no right to counsel existed. We agree.
Similarly, Texas reached the same result when it construed its right-to-counsel statute. Growe, 675 S.W.2d at 567. The Texas court rejected the defendant's contention that if he had been allowed to contact counsel he could have established the defense that he was not intoxicated. The court dismissed his argument as speculation and stated that the defendant was misconstruing the intent of the implied consent statute which is to provide a mechanism for determining whether a person abused his driving privilege by driving while intoxicated. The court declined to find that the implied consent statute was subject to the driver's electing to contact an attorney. Id.; see People v. Okun, 144 Ill. App.3d 1066, 99 Ill.Dec. 50, 495 N.E.2d 115 (1986) (court held no right to counsel existed in implied consent situations and found no conflict with its right-to-counsel statute).
There are a few states with similar statutes whose courts have construed this language to mean that an accused has a limited right to consult with an attorney before deciding whether to submit to a breathalyzer test. State v. Vietor, 261 N.W.2d 828 (Iowa 1978); Gooch v. Spradling, 523 S.W.2d 861 (Mo. Ct. App. 1975).[7]
We recognize that the authorities are in conflict. We conclude that those cases which hold that statutes such as section 901.24 do not apply in implied consent circumstances are better reasoned. Section 901.24 was enacted prior to our implied consent statute. We think that if the legislature had intended for the right to counsel to apply in implied consent circumstances, it would have made provision for that right in the statute. Accordingly, the second question is also answered in the negative.
For the foregoing reasons, we reverse the order of the trial court which suppressed the breathalyzer test results and remand for further proceedings.
Reversed and remanded.
NOTES
[1] Section 316.193 provides in relevant part:

Driving while under the influence of alcoholic beverages, chemical substances, or controlled substances or with an unlawful blood alcohol level; penalties. 
(1) It is unlawful and punishable as provided in subsection (2) for:
(a) Any person who is under the influence of alcoholic beverages ... when affected to the extent that his normal faculties are impaired, to drive or be in the actual physical control of any vehicle within this state; or
(b) Any person with a blood alcohol level of 0.10 percent or above to drive or be in the actual physical control of any vehicle within this state.
[2] At that time, the questions were certified under Florida Rule of Appellate Procedure 9.165. The procedure for certification from the county court is currently codified under Rule 9.160.
[3] Some of the cases discussed in this opinion involve a blood test, while others involve a breath test. The analysis in both types of cases has been the same, and we will discuss the two types of cases without differentiation.
[4] There is an indication in Nece that there is a fourteenth amendment due process right to counsel. We think this is a misreading of the Supreme Court's cases. There is a sixth amendment right to counsel, and there is a fifth amendment right to counsel which arises, not from the due process clause, but from the right against self-incrimination. Both these rights are applicable to the states through the fourteenth amendment. However, there is no general due process right to counsel. Stovall v. Denno, 388 U.S. 293, 301-02, 87 S.Ct. 1967, 1972, 18 L.Ed.2d 1199, 1206 (1967) (the due process claim "is a recognized ground of attack upon a conviction independent of any right to counsel claim") (emphasis added); Palmer v. Peyton, 359 F.2d 199, 202 n. 11 (4th Cir.1966) (it was not necessary for the court to consider possible effect of the fact defendant was without counsel at a lineup since the court concluded "that the entire atmosphere surrounding the identification was a violation of due process"); Growe v. State, 675 S.W.2d 564, 566 (Tex. App. 1984).
[5] The following cases hold that the legislature intended for a defendant to have the right to counsel when deciding whether to take a breathalyzer test: Fuller v. State, Dep't of Transp., 275 N.W.2d 410 (Iowa 1979); Gooch v. Spradling, 523 S.W.2d 861 (Mo. Ct. App. 1975); Hunter v. Dorius, 23 Utah 2d 122, 458 P.2d 877 (1969).
[6] The following cases hold the legislature did not intend a right to counsel: Hill v. State, 366 So.2d 296 (Ala. Crim. App. 1978), aff'd, 366 So.2d 318 (Ala. 1979); McGue v. Sillas, 147 Cal. Rptr. 354, 82 Cal. App.3d 799 (1978); Hardison v. Chastain, 151 Ga. App. 678, 261 S.E.2d 425 (1979); State v. Jones, 457 A.2d 1116 (Me. 1983); Winter v. Peterson, 208 Neb. 785, 305 N.W.2d 803 (1981); State v. Quaid, 172 N.J. Super. 533, 412 A.2d 1087 (Law Div. 1980); State v. Braunesreither, 276 N.W.2d 139 (S.D. 1979); Growe, 675 S.W.2d 564.
[7] The right construed by those courts was limited to whether an arrestee for DUI may have 15 to 30 minutes to try to find an attorney. In any event, we reject their conclusion.