508 So.2d 48 (1987)
Barry NELSON, Petitioner,
v.
STATE of Florida, Respondent.
No. 4-86-1917.
District Court of Appeal of Florida, Fourth District.
June 10, 1987.
*49 Jon H. Gutmacher, Fort Lauderdale, for petitioner.
Robert A. Butterworth, Jr., Atty. Gen., Tallahassee, and Noel A. Pelella, Asst. Atty. Gen., West Palm Beach, for respondent.
PER CURIAM.
By petition for writ of certiorari, Barry Nelson (Nelson) seeks review of a judgment of the Broward County Circuit Court denying a petition for writ of certiorari directed to an order of the Broward County Court, which suspended Nelson's driver's license pursuant to section 322.261, Florida Statutes (1983).
It appears that Nelson had been arrested for driving under the influence. He was asked to submit to a breathalizer test; however, before deciding whether to submit Nelson requested the opportunity to contact his attorney. The police declined to allow him to contact counsel, he declined to take the test, and the police treated this as a refusal to submit to the breathalizer test. This resulted in an implied consent hearing in the Broward County Court and an order suspending Nelson's driver's license pursuant to section 322.261, Florida Statutes. On petition for writ of certiorari the circuit court denied the writ, upholding the county court rulings that a defendant arrested for driving under the influence is not entitled to an opportunity to consult a lawyer prior to submitting to a breathalizer test, and that neither Article I, Section 9 of the Florida Constitution, the Sixth or Fourteenth Amendment to the Federal Constitution, nor section 901.24, Florida Statutes mandates otherwise.
We have carefully considered petitioner's various arguments in favor of quashing the circuit court's order under review and decline to do so. Instead, we would align ourselves with the conclusion reached in the recent decision of the Third District Court of Appeal in State v. Hoch, 500 So.2d 597 (Fla. 3d DCA 1986), which answers all of petitioner's arguments.
Certiorari denied.
DOWNEY, LETTS and DELL, JJ., concur.