# STATE OF FLORIDA v COLON

## Case No. 86-181580TT A02

County Court, Palm Beach County

July 16, 1987

### APPEARANCES OF COUNSEL

**Jacqui Charbonneau,** Assistant State Attorney, and **Dale Buckner,** Assistant State Attorney, for plaintiff.

**Joseph Jordan** for defendant.

## OPINION OF THE COURT

ROBERT M. GROSS, County Judge.

This case came before the Court on Defendant's Motion for New Trial. Defendant was found guilty by a jury of Driving Under the Influence. § 316.193, Fla. Stat. (1985). Defendant argues that the Court erred by admitting into evidence a videotape taken of Defendant after his arrest. At trial, Defendant timely objected to the admission of the videotape. The tape displays Defendant's persistent refusal to perform physical tests or to submit to a chemical test of his breath. Specifically, the tape contained statements made by Defendant as follows: As he was walking to the place where taping commenced, Defendant said, "I don't want to take no test until my lawyer gets here." While being advised that he had been arrested for DUI, Defendant said, "Claudio Colon refuses to take any tests until his lawyer is present at the time." Further on, Defendant said, "When my lawyer gets here, I'll be happy to take any tests and answer any questions. Until then, I refuse to take any tests." After being advised of his rights under the implied consent statute, section 316.1932(1)(a), Florida Statutes (1985), Defendant said, "Like I said, I would be happy to take any tests that you want me to test (sic). Anything you want me to do I will do in the presence of my lawyer." Defendant was then given an opportunity to contact his lawyer off-camera. When the tape resumed, the officers and Defendant had returned from making a phone call. The arresting officer again read Defendant his rights under the implied consent law. Defendant interrupted the officer and said, "I refuse unless I have a lawyer." After the rights were completed, Defendant said, "If my lawyer is here, he'll explain everything to me." Shortly thereafter, Defendant said, "I want my lawyer present now," and taping ceased. No *Miranda* warnings were given on tape and Defendant was not questioned about the circumstances surrounding his arrest. Although Defendant performed no physical test on camera, his diction and grammar supported a finding of alcohol impairment.

Defendant argues that allowing the jury to hear his requests for a lawyer violated his right to counsel under the Florida and United States Constitutions and section 901.24, Florida Statutes (1985). In *State v. Hoch*, 500 So.2d 597 (Fla. 3d DCA. 1986) the Court extensively considered the issue of an arrestee's right to counsel prior to being required to submit to a chemical test of his breath. *Hoch* held that no such right to counsel existed under the Fifth or Sixth Amendments, the due process clause of the Fourteenth Amendment, or

section 901.24. The Fourth District recently aligned itself with *Hoch*. *See Nelson v. State*, 508 So.2d 48 (Fla. 4th DCA 1987).

Section 316.1932(1)(a) authorizes the State to introduce at trial evidence of a Defendant's refusal to submit to a breath test. That statute has survived constitutional attack. *State v. Pagach*, 442 So.2d 331 (Fla. 2d DCA 1983). The issue presented in this case is whether the State may introduce evidence of the Defendant's refusal when the substance of that refusal contains the request for a lawyer. Resolution of this issue is controlled by *South Dakota v. Neville*, 459 U.S. 553, 103 S.Ct. 916 (1983). In *Neville*, the Defendant was arrested for DUI, given his *Miranda* warnings and asked to take a breathalyzer exam. In refusing, the Defendant said, "I'm too drunk, I won't pass the test." In upholding the admission into evidence of the Defendant's refusal to submit to the breath test, the Supreme Court found that the form of the Defendant's refusal was immaterial.

. . .The situations arising from a refusal present a difficult gradation from a person who indicates refusal by complete inaction, to one who nods his head negatively, to one who states "I refuse to take the test," to the Respondent here, who stated, "I'm too drunk, I won't pass the test." Since no impermissible coercion is involved when the suspect refuses to submit to take the test, *regardless of the form of refusal*, we prefer to rest our decision on this ground. *South Dakota v. Neville*, 459 U.S. at 561-62, 103 S.Ct. at 921-22. (Emphasis supplied)

Those cases holding post-arrest, post-*Miranda* silence inadmissible at trial turn on the rationale that a Defendant should not be penalized for exercising a constitutional right. *State v. Burwick*, 442 So.2d 944, 947 (Fla. 1983) Because Defendant was not exercising a protected right at the time he requested a lawyer, evidence of the form of this refusal was properly presented to the jury.

The Court recognizes that the issue presented in this case is a difficult one. The Florida Supreme Court in *Burwick* identified a reason for excluding evidence at trial of post-*Miranda* silence or request for counsel.

. . .The reason for the rule holding inadmissible at trial evidence of the post-arrest silence and request for counsel of a defendant who has been advised of his *Miranda* rights is that the evidence creates an inference that the defendant is guilty of committing the criminal act. 442 So.2d at 947.

Such an inference of guilt similarly arises when a defendant asks for a lawyer in response to an officer's request for a breathalyzer exam. An

arrestee can hardly be expected to negotiate the complex legal analysis of the precise moment in the arrest process when his right to counsel attaches. Nonetheless, the Court finds no meaningful distinction between the post-*Miranda* refusal in *South Dakota v. Neville* and the pre-*Miranda* request for counsel in this case.

Based on the foregoing, it is

ORDERED AND ADJUDGED that Defendant's Motion for New Trial is denied.

DONE AND ORDERED in West Palm Beach, Florida this 16th day of July, 1987.