# STATE OF FLORIDA v STURNEY

## Case No. 87-43-AP

Fourth Judicial Circuit, Duval County

August 29, 1988

### APPEARANCES OF COUNSEL

**Connie R. Clay,** Assistant State Attorney, for appellant.

**Eugene Loftin,** for appellee.

### OPINION OF THE COURT

JOHN S. COX, Circuit Judge.

This appeal is from an order entered in open court by the trial judge suppressing as evidence at the trial of this cause the results of a blood alcohol test administered to the Appellee, Pat Gardelle Sturney.

Mr. Sturney had been arrested and charged with the offense of driving a motor vehicle under the influence of alcoholic beverages which affected him to the extent that his normal faculties were impaired, contrary to the provisions of FS § 316.193(1).

After failing several field sobriety tests administered on the scene by

the arresting officer, Mr. Sturney was arrested and charged with the aforementioned offense. He was taken into custody and transported to the Duval County Jail where he took a chemical breath test that indicated his blood alcohol level to be between .118% and .123%.

Mr. Sturney requested the right to confer with an attorney prior to submitting to the blood alcohol test, but such request was denied and he was told by the interviewing law officer:

"Your right to remain silent has nothing to do with taking approved chemical tests for the purpose of determining the alcoholic and/or drug content of your blood."

"Also, your right to have a lawyer present before you make any statement and during any questioning has nothing to do with taking approved chemical tests for the purpose of determining the alcoholic and/or drug content of your blood."

Whereupon, the blood alcohol test was administered.

At the trial court level, the attorney for Mr. Sturney argued in support of his Motion to Suppress that Mr. Sturney had the right to a conference with and advice by an attorney before proceeding with the blood alcohol test. He cited FS § 901.24; *State of Florida v Carlin,* 15 Fla. Supp. 2d 71, a Circuit Court case; and *Sambrine v State of Florida,* 386 SO.2d 546 (Fla. 1980). This Court notes that the *Sambrine* decision is not really controlling on the issue presented here in that *Sambrine* only held that *after* a person accused of operating a motor vehicle while intoxicated to the extent that his normal faculties are impaired exercises his option and *refuses* to submit to a blood alcohol test, the results of any such tests administered *despite* that refusal cannot be used in evidence at his trial. Thus, both the *Sambrine* decision and *Smith v State,* 378 So.2d 281 (Fla. 1979), cited by the *Sambrine* Court, simply hold that a person so accused may, under the so-called "implied consent law" of this State, refuse to submit to a blood alcohol test and thus have his driver's license automatically suspended and that *if* a blood alcohol test *is* administered over the defendant's refusal to submit thereto, the results of such test cannot be used in evidence against such accused person.

Before the trial court, the State cited and relied upon *State v Hoch,* 500 So.2d 597 (Fla. 3d DCA 1986) which holds clearly that in an "implied consent" case, such as the one sub judice, the accused person does *not* have the right to confer with counsel before taking a blood alcohol test, but only has the right to *refuse* to take the test and suffer the resulting suspension of his driver's license. The *Hoch* decision also clearly holds that such an accused person's rights under FS § 901.24,

152

and under the Fifth, Sixth, and Fourteenth Amendments to the Constitution of the United States are not violated by a denial to him of the right to confer with an attorney prior to taking a blood alcohol test.

The record is not clear as to the exact reasons why the trial judge granted the Motion to Suppress and, thus, ruled that the results of the blood alcohol test could not be used in evidence at the trial of the Appellee, Mr. Sturney, except for the trial judge's stated desire that a definitive ruling be obtained from the District Court of Appeal, First District of Florida on the same matters which had previously been ruled upon by the *Hoch* court. However, in stating such desire, the trial judge did express his concern that perhaps that Appellee's Sixth Amendment rights had been violated by the following statements:

> "I would tend to agree with defense's position that this is a critical stage of the proceedings and that when the defendant is being requested to take a breathalyzer test, the results of which would definitely be admissible in evidence, even his refusal is admissible in evidence at the trial.

> It seems to me that if there are certain stages of the proceedings that he isn't told to speak to an attorney, this would certainly be one of them.

> Therefore, the Court will grant the motion to suppress and, hopefully, we can get some guidelines from the appellate courts in *this* district as to how to handle these things in the future." (Emphasis supplied.)

The "critical stage" test for determining the right to counsel under the Sixth Amendment to the United States Constitution was developed in the federal courts. *U.S. v Wade,* 388 U.S. 218, 87 S. Ct. 1926 1926 (1967) is the leading case. In the *Wade* decision, it was concluded that any pretrial confrontation of the accused would require scrutiny to determine whether counsel was essential to protect a defendant's right to a fair trial. The reasoning in *Wade* was based on the ability of counsel in any given situation *to aid in avoiding prejudice against the accused.* In *Kirby v Illinois,* 406 U.S. 682, 92 S. Ct. 1877 (1972), the U. S. Supreme Court narrowed those circumstances entitling to a defendant to the right to counsel by ruling that the Sixth Amendment right to counsel attaches only *at or after* initiation of adversary *judicial* proceedings. Also, to the same effect is *Moran v Burbine,* 475 U.S. 412, 106 S. Ct. 1135, 1146 (1986). In Florida, the "critical stage" which triggers Sixth Amendment rights to advice of counsel has been established as occurring at the point of an information, indictment, or arraignment. See *Traylor v State,* 498 So.2d 1297 (Fla 1st DCA 1986).

The most definitive and complete case in the State of Florida, dealing with rights under FS § 901.24, and Fifth, Sixth, and Fourteenth Amendment rights under the United States Constitution, as those rights apply to a person accused of violating FS § 316.193(1), comes from the Third District Court of Appeal in *State v Hoch*, 500 So.2d 597 (Fla. 3d DCA 1986). In *Hoch*, it was clearly ruled that the rights of an accused under FS § 901.24, and under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution are not violated by denying to that person that right to confer with an attorney prior to taking a blood alcohol test under the "implied consent law" of the State of Florida. In 1987, the *Hoch* case was followed by the Fourth District Court of Appeal in *Nelson v State*, 508 So.2d 58 (Fla. 4th DCA 1987).

Insofar as Fifth Amendment rights against self-incrimination are concerned, the protection extends only to *communicative* evidence but does not apply to noncommunicative or nontestimonial evidence. Thus, withdrawal and analysis of blood to determine blood alcohol level have been held not violative of Fifth Amendment rights against self-incrimination in *Schmerber v California*, 384 U.S. 757, 86 S.Ct. 1826 (1966); *South Dakota v Neville*, 459 U.S. 553, 103 S.Ct. 916 (1983); *State v Hoch*, 500 So.2d 597, at 599 (Fla. 3d DCA 1986).

There has been no denial of due process of law under the Fifth and Fourteenth Amendments in this case. See *State v Newton*, 291 Ore. 788, 636 P.2d 393 (1981); *State v Hoch*, 500 So.2d 597 (Fla. 3d DCA 1986); *Nelson v State*, 508 So.2d 48 (Fla. 4th DCA 1987). The record in this case shows no misconduct, abuse, or other prejudicial procedure on the part of the police or the jail personnel which would trigger due process concerns or necessitate suppression of the results of the blood alcohol test results on due process grounds.

Likewise, there is nothing in the record to indicate that the Appellee refused to take the blood alcohol test and was required to do so despite such refusal so as to make it necessary to suppress the test results under *Sambrine v State*, 386 SO.2d 546 (Fla. 1980). To the contrary, the record indicates quite clearly that the Appellee, Mr. Sturney, did *not* refuse or decline to take the test.

The *Hoch* decision is well reasoned, comprehensive, and is in accord with the apparent weight of authority in America on the legal issues ruled upon therein. Therefore, said decision is binding upon and should be followed by the trial judges of this Circuit until and unless the Supreme Court of the State of Florida or the District Court of Appeal for the First District of Florida shall rule otherwise.

Accordingly, the order of the learned trial judge here appealed from, which suppressed the results of the blood alcohol test administered to the Appellee, is hereby reversed and this matter is remanded to the trial court for further proceedings consistent with the rulings herein made.

Dated and entered at Jacksonville, Duval County, Florida this 19th day of August, 1988.