## ENGA v STATE OF FLORIDA

### Case No. 87-1273CF (County Court Case No. 87-2343MT)

Nineteenth Judicial Circuit, Martin County

September 7, 1988

## OPINION OF THE COURT

DWIGHT L. GEIGER, Chief Judge.

This is an appeal from a conviction in the Martin County Court of the crime of driving under the influence of alcohol and failure to maintain a single lane.

Appellant has requested and been permitted oral argument by this court.

Appellant raises a single point which challenges the trial court's denial of his Motion to Suppress a blood-alcohol test. He contends that misstatements by the arresting officer together with other circumstances make his consent to the test involuntary and that the trial court should have ruled specifically whether his consent to the test was voluntary.

The undisputed facts are: Appellant was arrested legally. The ensuing booking procedure included a videotape which showed the dialogue between the arresting officer and appellant. During the taping session, the officer twice read the implied consent warning verbatim. Appellant said he understood and later consented to the test.

In reviewing the tape along with the other evidence at the suppression hearing, the trial court observed the warnings, saw appellant's assent, saw appellant consent to the test, and observed both the demeanor of the officer and appellant.

This court is persuaded by the authority on which both the Third and Fourth District Courts of Appeal now precisely agree.[1] The proper inquiry related to the booking procedure (included blood tests) looks to abuse and prejudice. The trial court's ruling in the subject case speaks directly to these concerns. "Good faith" surely bears on the question of abuse. As to prejudice (e. g. by misleading statements), appellant has furnished nothing which would allow this court to find prejudice where the trial court found none.[2]

It should be noted that blood-alcohol tests are not necessarily adverse to the interests of a suspect. They are admissible in evidence only after a legal arrest is shown and can do no more for the State's case than augment evidence supporting the arrest. Alternatively, a test result below the level for statutory presumption of intoxication provides a very strong defense.

Since the one patent purpose of the videotape is to document the events attendant to appellant's consent, to suggest that the trial court's ruling did not contemplate the voluntary nature of that consent simply resists the logic implicit in the process.

More conventional questions of search and seizure are not reached in the instant analysis because of the implied consent statute governs this

---

[1] *Nelson v State,* 500 So.2d 597 (Fla. 3d DCA 1987) (Suspect had no right to counsel before decision to submit to breath-alcohol test.) (Adopting opinion in *State v Hoch,* 500 So.2d 597 (Fla. 3d DCA 1987) *State v Hoch* 500 So.2d 597 (Fla. 3d DCA 1987) (The required implied consent blood-alcohol test is a part of DUI arrest booking procedure and does not invade any legal right. Absent police abuse or prejudicial procedure, neither constitutional nor statutory concerns or right to counsel and due process are violated.)

[2] This court is not indifferent to the need for absolute clarity as to rights and treatment of persons in the arrest process. Under the authority cited, a more precise instruction might be appropriate.

situation. Nonetheless this court has noted other authority[3] advanced by counsel. Remembering that the subject case concerns an arrest rather than a consensual encounter, the outcome here would be unchanged by reliance on the proffered cases.

Appellant has not shown reversible error.

For these reasons, the judgment and sentence appealed are AFFIRMED.

DONE AND ORDERED this 7th day of September, 1988 in Chambers.

---

[3] *State v Williams,* 417 So.2d 755 (Fla. 5th DCA 1982) (Blood-alcohol test admitted in evidence where defendant consented with knowledge he could refuse subject to statutory suspension of driving privileges. Relevant blood test evidence is assumed admissible. "Exigent circumstances" exist for blood-alcohol test after accident.)

*Pastor v State,* 498 So.2d 962 (Fla. 4th DCA 1986) (When consensual encounter leads to consent to search, State must show that reasonable person would have believed he was free to go.) (Following *Schneckloth v Bustamonte,* 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed. 2d 854, "totality of circumstances" and progeny.)

*Racz v State,* 486 So.2d 3 (Fla. 4th DCA 1986) (Where voluntary consent to search is shown by clear and convincing evidence trial court must uphold searches, no matter the hardship on Defendant.)