## STATE OF FLORIDA v WALKER

### Case No. 87-68Ac (County Court Case No. 87-2752MM10)

Seventeenth Judicial Circuit, Broward County

January 17, 1989

### APPEARANCES OF COUNSEL

Office of the State Attorney, for appellant.

**Kayo Morgan,** for appellee.

### OPINION OF THE COURT

PATTI ENGLANDER HENNING, Circuit Judge.

Appellant appeals her conviction for Driving Under the Influence based on alleged discovery and *Miranda* violations.

Appellant was arrested February 26, 1987, and filed the standard Demand for Discovery March 19, 1987. At trial, Appellant's counsel objected to three alleged discovery violations, to wit: the non-disclosure of (1) a potentially exculpatory oral statement made by Appellant; (2) an audio tape; and (3) a back-up officer. After the objections to numbers (1) and (3) above, the trial court, as illustrated by the record,

held an adequate inquiry pursuant to *Richardson v State,* 246 So.2d 771 (Fla. 1971), even though the court ruled that they were not discovery violations. In ruling on the alleged non-disclosure of the audio tape, the trial court held that when the State responded that it had a video this satisfied the discovery demand since it is commonly knowledge that an audio is part of a video. In *Justus v State,* 438 So.2d 358 (Fla. 1983), the court held that since the trial court found no discovery violations a *Richardson* hearing was not required. In the case at bar, the trial court held a *Richardson* hearing and then ruled that there were no discovery violations. An appellate court will not disturb a discovery ruling unless there has been an abuse of discretion and there was no abuse of discretion below. *See, United States v Watson,* 669 F.2d 1374, 1394 (1982).

Appellant's second argument is without merit. In the video, the Appellant is being told that she is under arrest for DUI as the officer reads her the Florida Implied Consent Law. At that time, the Appellant requested to speak to her mother and made an incriminating statement. Firstly, Appellant contends that when she asked for her mother she was in essence requesting an attorney. The record is clear that the Appellant, who is 25 years old, understood what was going on, was not confused and never asked for her mother in the context of acquiring an attorney. *Cf. Singleton v State,* 344 So.2d 911 (3d DCA 1977). Even so, the Fourth District in *Nelson v State,* 508 So.2d 48 (4th DCA 1987), held that a "defendant arrested for driving under the influence is not entitled . . . to consult with a lawyer prior to submitting to a breathalyzer test." *Nelson* at 49. Finally, the Appellant asserts that when the officer read the Implied Consent Law the reading was likely to elicit a response and *Miranda* was required. However, during the reading of the Implied Consent Law the Appellant was not under custodial interrogation. *See, Rhode Island v Innis,* 446 U.S. 291 (1980). Moreover, the incriminating statements were made voluntarily. Consequently, the Appellant's conviction is affirmed.

DONE AND ORDERED in Chambers, Fort Lauderdale, Broward County, Florida, on this 17th day of January, 1989.