## ODHAM v STATE OF FLORIDA

### Case No. 86-50 (County Court Case No. TO86-42304)

Ninth Judicial Circuit, Orange County

August 30, 1989

### APPEARANCES OF COUNSEL

**Marc Lubet,** for appellant.

Office of the State Attorney, for appellee.

### OPINION OF THE COURT

JEFFORDS D. MILLER, Circuit Judge.

This case was transferred to this court by the Fifth District Court of Appeal for consideration of the issues by Order dated October 30, 1986.

Appellant filed his Request for Oral Argument on the 29th day of December, 1986.

Appellee in its Motion to Expedite Appeal, dated August 29, 1989,

represents that counsel for Appellant has no objection to its Motion to Expedite Appeal and further that counsel for Appellant waives Appellant's Request for Oral Argument. Motion to Expedite Appeal is therefore GRANTED.

The issue on appeal here is whether the lower court erred by ruling that a person who has been arrested for driving under the influence of alcohol who requests to consult with an attorney prior to deciding whether to submit to a chemical breath test does not have a right to consult with counsel prior to taking or refusing to take the breath test.

In *Nelson v State,* 508 So.2d 48 (Fla. 4th DCA 1987), the District Court of Appeal held that motorist was not entitled to consult with attorney prior to determining whether to submit to breathalyzer test. *See also State v Hoch,* 500 So.2d 597 (Fla. 3d DCA 1986).

This Court concludes that there was no reversible error in these proceedings. Consequently, the decision of the trial court is

AFFIRMED.

No petition for rehearing will be entertained. This opinion is final when filed and the Clerk will issue mandate forthwith.

Orlando, Florida, this 30th day of August, 1989.