## STATE OF FLORIDA v McCELVEY

## Case No. 90-81AC10 (Lower Court Case No. 90-14935MM10A)

Seventeenth Judicial Circuit, Broward County

September 9, 1991

### APPEARANCES OF COUNSEL

Office of the State Attorney, for appellant.

**Lawrence W. Livoti, Esquire,** for appellee.

Before ROBERT B. CARNEY, Circuit Judge.

Appellant, the State of Florida, appeals an order suppressing evidence, obtained when the Defendant was arrested for D.U.I. The trial court granted the Defendant's motion to suppress the video tape of sobriety tests conducted by the Broward Sheriff's office.

Reversed and remanded.

On May 13, 1990, Officer Vincent Maffei of the Fort Lauderdale

Police stopped Ms. McCelvey after he observed her driving in a reckless manner. The Defendant's eyes were bloodshot, her face was red and flushed. Officer Maffei had her step out of her vehicle and advised her he was conducting a criminal investigation for D.U.I. Without Mirandizing the Defendant, Officer Maffei asked if she would submit to roadside sobriety tests and she indicated she would. The Officer administered the tests on the scene. As a result the Defendant was transported to the Broward Sheriff's Department BAT unit for additional testing.

Before the tests were performed she was advised by the Community Service Aide present, of the fact a criminal investigation was being conducted and it was being video taped. The implied consent warning was read to the Defendant by Officer Maffei. The defendant was asked if she would submit to a breath test. She responded by asking to speak to her "lawyer and/or my captain first." The Community Service Aide informed her "that is not her right at this time."

The Defendant asked and was informed about the procedures for the various tests and that she did not have to take the tests if she did not wish to. The Defendant again voiced her desire to call her lawyer and stated she did not know if she wanted to take the tests. She was reminded by the Community Service Aide, if she refused to take the tests her license would be automatically suspended for 12 months. The Defendant then acquiesced to the tests being administered.

As part of the physical performance test the Defendant was instructed to recite the alphabet. She was unable to correctly complete the alphabet. The case was called up for a hearing on October 19, 1990. At the hearing counsel for the Defendant moved for suppression of the video tape on grounds the recitation was a statement obtained in violation of the Defendant's right to counsel. It was testimonial and served to incriminate the Defendant.

The trial court granted the motion on its finding the "verbalization of the alphabet. . .were revealing thought processes. They are designed to present probable cause or evidence of a mental confusion or to support an inference of mental confusion. . ."

The trial court's order is reversed.

The privilege against self-incrimination protects an accused only from being compelled to testify against himself, or otherwise provide the State with evidence of a testimonial or communicative nature. See, *Pennsylvania v Muniz,* 110 S.Ct. 2638 (1990), (citing *Schmerber v California,* 384 U.S. 757 (1966)). In order to be testimonial, an accused's communication must itself, explicitly or implicitly, relate a factual assertion or disclose information. Only then is a person com-

42

pelled to be a 'witness' against himself. Id. at 2646, (citing *Doe v United States,* 487 U.S. 201 (1988)).

In *Pennsylvania v Muniz,* supra, the United States Supreme Court agreed with the state court's conclusion that Miranda requires suppression of the video tape of the defendant's response to a question regarding the date of his sixth birthday. In his response Muniz indicated he did not know the date of his sixth birthday and his speech was slurred. The Court held Muniz's answer to the question was incriminating "not just because of his delivery, but also because of his answer's content; the trier of fact could infer from Muniz's answer (that he did not know the proper date) that his mental state was confused." Id. at 2645. Before arriving at its' conclusion the court went through great pains to analyze whether or not the question required a testimonial answer on Muniz's part. The analysis in *Muniz,* supra, is very much appropriate for this case.

The prosecution conceded and the Supreme Court agreed, any slurring of speech and other evidence of lack of muscular coordination revealed by the defendant's responses to the police officer's direct questioning constituted nontestimonial components of those responses. And by requiring a suspect to reveal the physical manner in which he articulates words, like requiring him to reveal the physical properties of the sound produced by his voice, does not, without more, compel him to provide a "testimonial" response. Id. at 2645. (relying on *Schmerber* and *United States v Dionisio,* 410 U.S. 1 (1973)).

The Court stated, the correct question for present purposes is whether the incriminating inference of mental confusion is drawn from a testimonial act or from physical evidence. Id. at 2646.

Additionally the Court stated,

. . . In this case, the question is not whether a suspect's "impaired mental faculties" can fairly be characterized as an aspect of his physiology, but rather whether Muniz's response to the sixth birthday question that gave rise to the inference of such an impairment was testimonial in nature. Id. at 2646.

The Court in formulating its conclusion undertook a comparison of its' prior holding in *Schmerber.* It pointed out in *Schmerber,* they held the police could compel a suspect to provide a blood sample in order to determine the physical make up of the suspect's blood and thereby draw an inference about whether he was intoxicated. The compulsion in *Schmerber* was outside of the Fifth Amendment's protection, not simply because the evidence concerned the suspect's physical body, but rather because the evidence was obtained in a manner that did not

**43**

entail any act on the part of the suspect. But in contrast, had the police instead asked the suspect directly whether his blood contained a high concentration of alcohol, his affirmative response would have been testimonial even though it would have been used to draw the same inference concerning his physiology. Id.

The Court goes further stating "Whenever a suspect is asked for a response requiring him to communicate an express or implied assertion of fact or belief, the suspect confronts the 'trilemma' of truth, falsity, or silence and hence the response (whether based on truth or falsity) contains a testimonial component." Id. at 2648.

In Muniz's case, Muniz was confronted with this trilemma when the officer asked him if he knew the date of his sixth birthday and he could not remember or calculate that date. The Court reasoned, because of the coercive environment created by the custodial interrogation, Muniz was more or less precluded from remaining silent. He was left with the choice of incriminating himself by admitting that he did not then know the date of his sixth birthday, or answering untruthfully. The content of his truthful answer, he did not know the date, would support an inference by any reasonable trier of fact his mental faculties were impaired. If he had asserted untruthfully he knew the date and the date of his sixth birthday was different from the assertion, the same inference would attach. Hence, the incriminating inference of impaired mental faculties stemmed, not just from the fact that he slurred his response, but also from a testimonial aspect of that response.

In contrast, the request for Ms. McCelvey to repeat the alphabet did not require a testimonial response. The request to recite the alphabet did not require her to communicate an express or implied assertion of fact or belief. She was not faced with the "trilemma" of truth, falsity, or silence. Thus, by reciting the alphabet the Defendant did not perform a testimonial act.

Again, as stated earlier in this opinion, in order to be testimonial, an accused's communication must itself, explicitly or implicitly, relate a factual assertion or disclose information.

This Court further notes, "a person has no right to consult with an attorney prior to deciding whether to submit to a breathalyzer." *State v Hoch,* 500 So.2d 597 (Fla. 3rd DCA 1986).

For the foregoing reasons, this Court reverse [sic] the order of the trial court which suppressed the video tape of the sobriety tests and remand for further proceedings.

REVERSED and REMANDED.

DONE AND ORDERED in Chambers at the Broward County Courthouse, Fort Lauderdale, Florida 33301, this 9th day of September, 1991.