SALTER, J.
The State appeals a trial court order granting Jeffrey Thompson’s motion to suppress his confession. Because we find the order suppressing the confession supported by competent, substantial evidence, and that the order contains proper legal conclusions,[1] we affirm.

The Arrest

The victim of an armed robbery at a convenience store in the Florida Keys contacted police shortly after the crime occurred. Police learned from the victim that a white male with facial hair driving a certain type of vehicle was the robber. A short time later, police pulled over someone who fit both the suspect’s physical description and his choice of transportation — Thompson.
Thompson was removed from his vehicle, handcuffed, and put into the backseat of a police car. He gave police consent to search his vehicle for evidence of the recent robbery. This search proved futile when nothing incriminating was discovered. During the investigation, Thompson was read his Miranda[2] warnings. He denied any involvement in the robbery, but admitted to drinking two beers earlier in the evening.
Sergeant Agins of the Monroe County Sheriffs Office arrived on the scene. He *165 testified that he talked to Thompson about the robbery after again reading the Miranda warnings. During this discussion, Sergeant Agins smelled alcohol on Thompson’s breath. The sergeant conducted field sobriety exercises, and Thompson was then arrested for driving under the influence (“DUI”).[3] Thompson was transported to the DUI intake room at the Sheriffs station. A video camera recorded what happened next.
While in the DUI intake room, Thompson refused to submit to a mandatory breathalyzer test.[4] Immediately after refusing, Thompson invoked his right to counsel under Miranda. In fact, Thompson invoked the right numerous times while seated a few feet away from Sergeant Agins. Sergeant Agins did not question Thompson further about the robbery or DUI on the videotape. Other officers were not informed that Thompson had invoked his right to counsel, and Thompson spent that night in the Plantation Key Jail.
Approximately twelve hours later, two robbery detectives arrived at the jail. They escorted Thompson across the street to the Sheriffs office. There, another video was recorded. It shows Thompson signing a waiver of his Miranda rights and confessing to the previous night’s robbery and other crimes. The trial court suppressed this confession, and the State now appeals.

The Invocation of the Right to Counsel

The State contends that the trial court erred because non-testimonial, physical evidence, like a breathalyzer test result, does not implicate Miranda’s protection against self-incrimination — no “interrogation” is taking place.[5] The State thus argues that Thompson made an anticipatory and ineffective invocation of his right to counsel, because he was not being interrogated. We agree that non-testimonial evidence, in isolation, does not implicate Miranda’s protection. In the context of this case, however, the breathalyzer test was not the dispositive circumstance. The initial traffic stop and questioning identified the alleged robbery as the focus of the officers’ interest.
As the trial court correctly found, Miranda rights are not investigation-specific; once invoked, they apply to subsequent custodial interrogations even if those interrogations are unrelated to the offense for which the suspect is in custody. See Arizona v. Roberson, 486 U.S. 675, 684,108 S.Ct. 2093,100 L.Ed.2d 704 (1988) (holding that a suspect’s request for counsel indicates an unwillingness to answer without an attorney present any questions police may pose, and this unwillingness is not investigation-specific). Finally, prolonged police custody of a suspect after that suspect requests counsel creates a presumption that any subsequent waiver of Miranda rights is the result of police coercion. Id. at 686,108 S.Ct. 2093.
Thompson’s numerous invocations of his right to consult an attorney came after he refused a breath test. The trial court’s order is correct on this point. Thus, we *166 find that Thompson was not invoking his right to counsel in order to obtain advice on whether to breathe into the machine.
When Thompson invoked his right to counsel several times in the DUI intake room, he could no longer be questioned, as the trial court found, “on any matter.” We can only assume that Thompson’s unwillingness to answer police questions continued during his twelve-hour stay in jail. The fact that police reinitiated contact, and not Thompson, creates a presumption of coercion in Thompson’s subsequent waiver, and this presumption does not dissipate with a later reading of Miranda. See id. We therefore find that the trial court was correct in suppressing Thompson’s confession.

Conclusion

Because the trial court’s order suppressing Thompson’s confession is based on competent, substantial evidence, we affirm. Our ruling here is limited, as was Thompson’s motion, to the propriety of his confession. We decline to address any issues surrounding Thompson’s DUI arrest other than those mentioned in this opinion.
Affirmed.

. See Connor v. State, 803 So.2d 598 (Fla.2001).

. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) (providing, in part, that under the Fifth Amendment to the *165 U.S. Constitution, criminal defendants are entitled to the presence of counsel during custodial interrogation).

.The field sobriety test was not videotaped, nor does the record include any written report of the particular instructions and observations of the officer conducting the test.

. See § 316.1932, Fla. Stat. (2007) (Florida's "Implied Consent Laws”).

. See State v. Hoch, 500 So.2d 597 (Fla. 3d DCA 1986).